## PETER V. IVES v. JOHN C. WILLIAMS.

*Pleading—Misjoinder—Construction of counts—Demurrer—Individual damages.*

1. A count charging the entry, on pretext of a license, upon premises not covered by it is a count in trespass, if anything; and if it does not set up any consequential damages it will not sustain a recovery.

2. The objection of misjoinder of counts should be disposed of at the outset of the trial and the plaintiff made to elect between them instead of being allowed to go over the whole range of testimony without doing so.

3. In an action by a tenant against his landlord a count for occupying more of plaintiff's space than had been agreed on for making certain improvements, and for interrupting his business longer than was necessary, is hardly a count in assumpsit even though the evidence to support it must show a breach of contract; if good at all it is as a count sounding in case.

4. A single count can cover but one cause of action.

5. In an action by a tenant against his landlord for interference with the former's possession a count which rests the whole ground of complaint on a continuous right of possession as lessee, and enumerates various acts inconsistent therewith, calls for a showing of such a continuous leasehold right as alleged, as such right is material; the absence of such showing is fatal, and excludes from the case everything that depends on the count.

6. In an action for interference with rights, counts are demurrable that do not show the extent of plaintiff's rights and how they have been impaired; and though in the absence of a demurrer they are not considered fatally defective their effect must be confined to what it would have been if they had been properly framed. This applies to actions on the case as well as to those upon contract.

7. In an action on the case for the disturbance of rights held under a contract of lease, any one who has rights of possession derived from the lease can sue for their disturbance and recover his actual damages.

8. Failure to plead in abatement for non-joinder does not enlarge the personal right of recovery of the party bringing suit.

Error to the Superior Court of Detroit. (Chipman, J.) April 25.—June 4.

CASE. Defendant brings error. Reversed.

*Atkinson & Atkinson* for appellant. Causes of action founded on contract and tort cannot be joined : *Church v. Mumford* 11 Johns. 479 ; *Hallock v. Powell* 2 Cai. 216 ; *Thomas v. Pearse* 1 Chit. 619 ; *Howe v. Cook* 21 Wend. 29 ; assumpsit or case cannot be joined with trespass : *Cooper v. Bissell* 16 Johns. 146 ; *Friend v. Dunks* 37 Mich. 25 ; such joinder would invalidate the declaration : 1 Chit. Pl. (9th ed.) 199 ; *Pell v. Lovett* 19 Wend. 546 ; *Whitney v. Crim* 1 Hill 61 ; *West v. Stanley* id. 69 ; *Bodley v. Roop* 6 Blackf. 158 ; under a declaration for distinct trespasses no others than those alleged can be shown : *Gilbert v. Kennedy* 22 Mich. 5 ; *McDiarmid v. Caruthers* 34 Mich. 49.

*Conely, Maybury & Lucking* for appellee.

CAMPBELL, J. This is the same case which was once before us, as reported in 50 Mich. 100. The declaration contained five counts, the second of which is now stricken out, all of which, in one way or another, count upon unlawful interference with plaintiff's possessory rights by defendant as his landlord. The declaration is drawn in a very general way, and it was claimed on the trial that there was a misjoinder of counts and a mingling of causes of action not properly counted on together. Other more serious questions are also presented. To understand the questions it is important to know just what the relations were.

Plaintiff had a lease of the basement under two stores of defendant, in Detroit, for a saloon and restaurant, from April, 1880, to April 30, 1881. In the fall of 1880, defendant desired to put up an elevator for hotel purposes, partly or wholly, and on the 26th of November, 1880, he got a written permission from plaintiff and other tenants, " at all reasonable times to enter upon, possess and occupy, with material, workmen, etc., so much of the premises as should be reasonably necessary for the proper and convenient construction of said elevator."

The 1st count appears to rely upon the taking of too much of plaintiff's space, and the interruption of his business for two months longer than was necessary. The 3d count relies

on what were claimed to be intentional annoyances, within and without the period of the lease as shown. The 4th count seems to be a mere repetition of the 1st, with no substantial, and not much verbal, difference. The 5th count is a charge, under pretext of a license, of entry upon premises not covered by the license. If valid for any purpose, this is a count in trespass, and sets up no consequential damages. The court properly held no recovery could be had under this count. But we think the objection of misjoinder of counts should have been considered when made at the outset of the trial, and plaintiff should have been put to his election, and not allowed to go over the whole range of testimony without doing so.

We do not think that either count can be fairly called a count in assumpsit, although the 1st and 4th counts could only be proved by showing a breach of contract. Such counts as are valid might properly be treated as sounding in case. But the 3d count, whether valid or not on its face, requires some consideration upon the case as sought to be shown.

A single count must cover but a single cause of action. When this case was formerly presented it was intimated that possibly, as not demurred to, this count might stand as including no more than several parts of a single attempt to drive plaintiff from the premises and spoil his business. But in the light of the testimony as now presented, and of the objections as now urged, this cannot be maintained.

It rests the whole ground for complaint on a continuous right of possession as lessee at the time of the grievances, and down to the bringing of suit, and after setting out defendant's purpose of getting him out and incommoding him in his occupancy, contains a series of positive grievances and annoyances, which were, in substance, (1) removing the heating-pipes and delaying their restoration; (2) stopping up the stove chimney and filling the premises with smoke; (3) filling the rooms and furniture with dust and plaster, and so preventing business; (4) standing outside the premises and keeping people away by threats and taking down their names;

(5) turning off steam in cold weather; (6) malicious prose-cutions under the liquor law. The fourth and sixth griev-ances were alleged in June, 1881, which was some time after the lease expired.

All of this was inconsistent with any such right of posses-sion as was shown by the lease, and could only be consistent with a continuous lease up to the time of suit. The descrip-tion of the leasehold right in this count was material as alleged, because it was the right which defendant was charged with having endeavored to damage or destroy. There was no testimony from which the jury could have found any such uniform and continuous leasehold.

This defect is fatal to what was evidently the most serious part of the case as presented to the jury, and renders it unnecessary now to consider the question of malice and vin-dictive damages, as well as several questions presented in connection with the testimony of Hartzell, and some other peculiar evidence. Everything that depended on this count was wrongly in the case.

The 1st and 4th counts are the only ones on which any action was proper. Those are demurrable for want of any accurate showing of the extent of plaintiff's rights and how they have been impaired. Not having been demurred to, we think they are not fatally defective. But they must, never-theless, be dealt with so as to confine their effect to what it would have been in case they had been properly framed.

The grievance charged in these counts is neither more nor less than a violation of contract rights, by interfering with quiet enjoyment under a lease. The counts show this on their face by referring to the lease as given by defendant to plain-tiff for a saloon and restaurant, and to the license as author-izing only a qualified interference which had been exceeded both in time and manner, to plaintiff's prejudice. If this had been a suit on contract, not only would it have been necessary to set out the terms of the lease, but the declaration should have contained averments of the time and manner in which the interference had been made, and of the period covered by it, and in what respects it should have been shorter

or different. There is no good reason why any less care should be required in a declaration upon the case. It is necessary in such a controversy to know what right exists, and just how it has been injuriously affected.

In looking at the record we think all of the defendant's requests to charge,[1] except the ninth, (which was that there could be no recovery,) were proper, as applicable to the only counts which could be considered, and should have been given directly or in the general charge. Probably, if the 3d count and the testimony received under it had been thrown out, the court below might have so charged. But the whole subject was, in the view taken below, naturally enough blended. The only substantial grievances alleged in the 1st and 4th counts seem to include the use of more space than was reasonable—upon which there does not appear to be any

---

[1] The requests were as follows:

*First.* The defendant had the right, under the agreement, to take all the plaintiff's premises reasonable and necessary for the proper and convenient construction of the elevator; and if he only took enough space for the purpose, he is not liable for any damages that plaintiff may suffer on that account.

*Second.* The plaintiff charges that more room was taken than was reasonably necessary; he must prove this, and you are not at liberty to go outside the proof and assume that any less room would have done.

*Third.* It makes no difference whether the defendant could, by using some other portion of the building, have avoided the use of plaintiff's premises, in bringing in machinery for the elevator; he was not obliged to use any other premises as long as he took and used only such of plaintiff's as were necessary for the purpose. The plaintiff had consented to the use of his premises and cannot now claim that the defendant had other premises he could have used as well.

*Fourth.* Unless you find that the defendant, in bringing in the machinery, took more time or used more of plaintiff's room than was necessary to get the machinery from the street to the elevator, then he is not liable on that account.

*Fifth.* If you find more time was taken than was necessary to get the machinery in, but that was on account of the plaintiff's having stopped the men and prevented them getting the machinery through, then the defendant is not liable for such time as was lost by plaintiff's interference.

*Sixth.* If you find that the plaintiff was damaged by the work, you can only give him such sum as his total loss was, or what under the circumstances of the case and the reasonable use of the premises it naturally would be.

*Seventh.* If plaintiff had a partner, then during the time he had a partner, you must divide the damages, as the partner would be entitled to claim his share of the damages.

*Eighth.* You can only give damages for two months under the declaration.

*Ninth.* The defendant is entitled to your verdict under the testimony.

direct showing—and the unreasonable delay, upon which there was testimony for the jury, but so mixed up with the other facts that we cannot very well consider the rulings fully, because we cannot be sure how the court below would have modified them had the case been confined to the disturbance of business for these causes alone.

Judging from the record, there is some reason to think that counsel took too much latitude in asserting facts and leading witnesses. And there is also some reason to think that in the final instruction concerning damages the jury were allowed to assume too much from the mere change of business profits without reference to the natural consequences of any such interruption,—lawful or unlawful,—at that time of the year, and with the unavoidable confusion of such repairs and changes. In a previous part of the charge they had been properly cautioned, but other elements had been discussed, and the question of malice had come in, so that there was some danger of error.

We also think that the damages should have been confined to those belonging to Ives alone. If he had sued on the contract of lease, it may be that, as the only one who was a party lessee, he might represent the entire cause of action. But in an action on the case, any one who had rights of possession derived from the lease could have sued for their disturbance, and recovered damages. It was shown here by some testimony that Ives was not the sole party interested in the business which was damaged ; and while a failure to plead in abatement may have prevented the entire defeat of the action, it does not enlarge his private cause of damage. Whether this is one of those cases where such a plea could be filed, we need not now consider. Neither can we anticipate what proportion plaintiff's interest may turn out to be. But he can recover no more damage than he has suffered.

There must be a reversal and new trial.

The other Justices concurred.