McDONALD *v.* HALL.

1. ACTION—PLEADING—JOINDER OF CAUSES—PRACTICE.
It is settled practice in this State that a plaintiff may join all of his causes of action in one declaration and have them all tried in one suit, if in separate suits he could recover on each, in the same form of action.

2. PLEADING—DECLARATION—NOTICE.
The object of the declaration being to apprise the defendant and the court of the grounds of the pleader's claim, to give the defendant fair notice of the case he is called to meet, a plain and clear statement of the facts constituting the wrong complained of is sufficient, if expressed with reasonable certainty.

3. SAME—EVIDENCE.
It is neither necessary nor proper to allege matters of evidence in a pleading; only ultimate facts should be alleged, not the circumstances which tend to prove them.

4. SAME—COUNTS.
The theory of separate counts is that each is a complete cause of action, as distinct from others as if it stood alone, and the separate counts are as distinct as if they

were in separate declarations, consequently they must contain all necessary allegations, or the latter must expressly refer to the former.

5. Same—Counts—Separate Cause of Action.

While a single count must cover but a single cause of action, yet where a single and continuous purpose runs through an entire transaction made up of various acts, each of which might alone constitute a cause of action, it is proper to set out all the facts in one count as a single cause of action.

6. Same—Joinder of Parties—Joint Act—Count.

Where several defendants are charged in one count of a declaration with having made an assault, it sufficiently appears to be a joint act; certainty to a certain intent in general being all that is required.

7. Same—Counts—Separate Torts—Joint Act.

All the torts leading to one damage or object may be joined in one count.

8. Action — Immoral Contract — Criminal Acts — Fraudulent Misrepresentation.

Where money has been paid or goods delivered in pursuance of a contract that is immoral or criminal, or in violation of a statutory provision, and the parties are in *pari delicto* and *particeps criminis*, the court will leave them where they have placed themselves; but where a party has been fraudulently misled, and the fraudulent misrepresentations are intended to create, and actually do create, in his mind a belief that, under the circumstances represented, the act which he is induced to do is neither illegal nor immoral, he may recover the damages he has sustained notwithstanding a statute makes the act a criminal offense.

9. Pleading—Excessive Damages—Demurrer.

Because plaintiff claims too much in his allegation of damages is not ground of demurrer.

10. Same—Counts—Sufficiency—Evidence.

Where a count states a cause of action against all of the defendants, whether the evidence will sustain the count is a question this court need not consider on certiorari to review the order of the circuit court in overruling a demurrer to the declaration.

Certiorari to Shiawassee; Dodds, J., presiding. Submitted June 12, 1916. (Docket No. 41.) Decided September 26, 1916.

Case by Hugh McDonald against Louis C. Hall, Sr., and others, for conspiracy and malicious arrest. From an order overruling a demurrer to the declaration, defendants bring certiorari. Affirmed.

*Lyon & Moinet* (*John T. McCurdy*, of counsel), for appellants.

*A. L. Chandler* and *James H. Pound*, for appellee.

STONE, C. J. This case is before us upon certiorari to the order of the circuit court in overruling the demurrer to the declaration. The declaration and demurrer were filed before the judicature act took effect. The argument and decision occurred after the act took effect. Some question is raised as to the practice, but, as said act provides that all questions theretofore raised by demurrer may be raised by motion to dismiss, we are disposed to determine the questions raised upon their merits. There is much controversy and disagreement as to the number of counts in the declaration, which is a very lengthy document, covering about 30 pages of the printed record. The determination of the number of counts in the declaration will tend to dispose of some of the questions raised by the demurrer. It is settled practice in this State that the plaintiff may join all of his causes of action in one declaration and have them all tried in one suit, if in separate suits he could recover on each, in the same form of action. Our statute provides (section 10400, 3 Comp. Laws, as amended by Act No. 77, Pub. Acts 1905 [3 Comp. Laws 1915, § 12350]) that the distinction between the actions of trespass and trespass on the case is abolished; and in all cases where trespass or tres-

pass on the case had theretofore been the appropriate remedy, either of said forms may be used, as the party bringing the action may elect; and counts in trespass and trespass on the case may be joined in the same action. While a multitude of words is not necessary in a declaration, yet reasonable certainty is required of a pleader's meaning. Our practice neither requires nor encourages the needless repetition of allegations. A plain and clear statement of the facts constituting the wrong complained of is sufficient; the object of the declaration being to apprise the defendant and the court of the grounds of the pleader's claim, to give the defendant fair notice of the case he is called to meet. It is neither necessary nor proper to allege matters of evidence in a pleading; only ultimate facts should be alleged, not the circumstances which tend to prove them. Counts in a declaration have been defined as the different parts thereof, each of which if it stood alone would constitute a ground of action. In an indictment each count should charge a distinct offense.

Another author defines a count in pleading as an entire or integral charge in an indictment, declaration, or other pleading, setting forth a cause of complaint. The theory of separate counts is that each is a complete cause of action, as distinct from others as if it stood alone in the pleading, and the separate counts are as distinct as if they were in separate declarations; and consequently they must contain all necessary allegations, or the latter must expressly refer to the former. 1 Chitty's Pleading (13th Am. Ed.), p. 413. A single count must cover but a single cause of action. *Ives* v. *Williams,* 53 Mich. 636 (19 N. W. 562).

But the above rule should be considered in connection with the following: When a single and continuous purpose runs through an entire transaction made up of various acts, each of which might alone consti-

tute a cause of action, it is proper to set out all the facts in one count as a single cause of action. 31 Cyc. p. 119, and cases cited in note.

In the recent case of *Creen* v. *Railroad Co.*, 168 Mich. 104, 110 (133 N. W. 956, 959, Am. & Eng. Ann. Cas. 1913C, 98), Justice STEERE, speaking for this court, said:

"While this State has no code, and the common-law form of pleading obtains, special pleadings have been abolished, and numerous innovations and modifications which formerly would not have been tolerated have been introduced, tending to relax technical rules and simplify the practice. Many different causes of action may now be joined in one declaration, where it was formerly forbidden. Assumpsit may be brought on waiver of tort, and the action joined in other causes maintainable in assumpsit. In an action for destruction of one's business and credit, growing out of the breach of a single contract, a series of wrongful acts, aimed at a single result, may be joined in one count. *Oliver* v. *Perkins*, 92 Mich. 304 [52 N. W. 609]. * * *

"Extreme niceties and technical exactness in form is not favored, and many other authoritative rulings and suggestions along the same lines, familiar to the profession, clearly indicate the tendency to eliminate the ultra refinements and technicalities of old forms of common-law pleading."

In our opinion, the declaration in this case should be held to contain four counts. It is too lengthy to be here inserted. We think that part of the declaration charging all of the defendants with an assault and battery upon the person of G. Irene McDonald, the infant daughter of the plaintiff, must be held to constitute one count. It charges a distinct wrongful act which constitutes a cause of complaint. It is the claim of the defendants that the charge that the defendant Louis C. Hall, Jr., debauched the said infant daughter of plaintiff on January 8, 1915, constitutes another distinct count against that defendant only. But a careful

reading of the declaration leads us to the conclusion that the alleged debauching of the said daughter is introductory only, and is stated by way of inducement to the principal subject of the count, which is an alleged conspiracy of all the defendants to wrong the plaintiff by falsely charging him with a crime in the manner alleged. The declaration states that after the arrest of the defendant Louis C. Hall, Jr., upon the complaint of the plaintiff, and after said Hall was bound over to the circuit court upon the charge of statutory rape upon said daughter, the plaintiff was approached by the defendant Louis C. Hall, Sr., and was told by him that he, the plaintiff, had a right to settle said criminal case, and was induced by the false and fraudulent statements of said defendant Louis C. Hall, Sr., and John T. McCurdy, the attorney of the latter, to agree to accept a sum of money in settlement of said criminal charge, and any claim which the plaintiff might have for damages on occasion of the premises; that the plaintiff was ignorantly induced by said defendants Louis C. Hall, Sr., and William F. Gallagher to go to the bank parlors of the latter, and there to accept the sum of $5,000 in settlement as aforesaid, and that said defendants, in pursuance of said false representations, caused to be prepared a statement which the plaintiff in his ignorance, and relying upon such allegations, signed, to the following effect:

"I, Hugh A. McDonald, acknowledge the receipt of $5,000 from L. C. Hall, Sr., in consideration of which I agree to withdraw the complaint in the case of *People* v. *Louis C. Hall, Jr.,* charged with statutory rape on my daughter, and that neither I or my daughter will give evidence in said case, and to pay the costs of the case now pending in the circuit court for the county of Shiawassee, in an amount not exceeding $100, and that my daughter shall remain in Canada."

It is further averred that upon the signing of said paper, and in furtherance of the conspiracy, the said defendant William F. Gallagher then and there handed to the plaintiff $5,000 in cash (here quoting) —

"which this plaintiff then and there put in his pocket, and, after being completely deceived and duped by the various false promises, representations, and inducements offered him and used to induce him to accept said money for the benefit of his child, started to leave the bank parlors, and that said John T. McCurdy then and there in a loud, terrifying voice shouted, 'Mr. Sheriff, come and arrest this man McDonald for taking money in settlement of a criminal case, and compounding a felony,' and the defendant Edwin J. Herrick, then and there being hidden somewhere to carry out this criminal conspiracy, and who had been by prearrangement stationed in a convenient place to help to take part in said farce and mockery of getting this plaintiff to take said money and arrest him therefor, stepped forward and seized this plaintiff and told him that he was under arrest, and then and there this plaintiff requested that he might telephone to his brother, or for some legal counsel, and have some friendly witness then and there among the conspirators to protect him and assist him in obtaining his rights under the circumstances; that the said John T. McCurdy then said to this plaintiff, 'You are not going to have anybody come here until the prosecuting attorney is brought here,' and then and there coerced, intimidated, and falsely imprisoned this plaintiff until it pleased said McCurdy to let this plaintiff be released; this plaintiff then and there said to said Edwin J. Herrick, 'Have you any warrant for my arrest?' to which the said Herrick replied, 'No'; and this plaintiff then and there started to go towards the door to go about his business; that the said Edwin J. Herrick then clapped his hand on his hip pocket as though reaching for a revolver, and shouted in a loud voice to this plaintiff, 'Stop,' and this plaintiff then did stop, and then said McCurdy yelled to this plaintiff in a loud and terrifying voice, 'You take that money out of your pocket and hand it to the sheriff.' And this plaintiff

was terribly frightened and terrified by said conduct of John T. McCurdy and Edwin J. Herrick, and by reason of the sheriff's threats and conduct, and the conduct of John T. McCurdy on behalf of said Louis C. Hall, Jr., and of said Louis C. Hall, Sr., and laid the $5,000 upon the table, when, in furtherance of said unlawful conspiracy of said defendants, it was seized and taken from this plaintiff, and a receipt therefor was given to this plaintiff, which receipt was then and there made by said Edwin J. Herrick and delivered to this plaintiff, in words and figures as follows:

" 'Owosso, Mɪᴄʜ., April 5, 1915.
" 'I acknowledge that upon this day I took Hugh A. McDonald into custody and received from him the sum of $5,000, which I now have in my possession.
" 'Eᴅᴡɪɴ J. Hᴇʀʀɪᴄᴋ, Deputy Sheriff.' "

It is further averred that said Herrick, according to the plan and plot, delivered said money back to the said defendant Gallagher; that, in furtherance of said conspiracy, the defendant Louis C. Hall, Sr., falsely, maliciously, and without probable cause went before a justice of the peace of said city of Owosso, and then and there made a false complaint, charging that this plaintiff, having knowledge of the commission of said crime of rape by said Louis C. Hall, Jr., and that said Hall was under arrest charged with having committed said offense, which offense was a felony, did take money, to wit, $5,000, upon an agreement in writing not to prosecute the said Louis C. Hall, Jr., for said offense, and not to give evidence thereof. The said complaint prayed for the arrest of this plaintiff, that a warrant was issued by said justice, upon which this plaintiff was arrested and imprisoned for a space of, to wit, two months, at the end of which time, and after divers adjournments, the said Louis C. Hall, Sr., withdrew the complaint, and the said justice dismissed said cause, and discharged the plaintiff from custody, and

that said suit and proceedings are wholly dismissed and at an end. This count concludes as follows:

"Whereby and by reason of said false arrest this plaintiff was compelled to and did lose all compensation for all damages that he had suffered by the debauching of said daughter, which he otherwise would have received, and also lost a great amount of time from his labor, to wit, a period of two months, and was compelled to and did lay out and expend large sums of money for hiring counsel, procuring witnesses, and preparing his case, to wit, the sum of $200; that said plaintiff was caused great annoyance and vexation, and suffered greatly in his mind and body, by reason of said false and malicious arrest and conspiracy to ruin his reputation; that many people to whom the innocence of this plaintiff was not known in the premises were led to believe, and still believe, that this plaintiff was guilty of a crime of the class known as a felony, to wit, the crime of taking money to settle up a criminal case, as in said warrant alleged; and that his (plaintiff's) reputation and character have been greatly injured, and he has suffered in his mind and body, and been injured in his feelings by reason of the great humiliation, abuse, and deprivation which he has suffered and been compelled to undergo by reason of the fraud and conspiracy of the said defendants, the false arrest, and malicious abuse of process of the county of Shiawassee, by defendants, and otherwise injured in his person and property by reason of the premises in the sum of $25,000, and therefore he brings suit."

The third count is a distinct charge against all of the defendants for an assault and battery upon the plaintiff, and for resulting damages.

The fourth count is for the malicious prosecution of the plaintiff by all of the defendants acting together, in and through the defendant Louis C. Hall, Sr.

The joint and several demurrer is based upon the following grounds:

"(1) The first count undertakes to charge all of said defendants with assault and battery upon one G. Irene

McDonald, and does not allege any concert of action or combination in that regard between said defendants.

"(2) For aught that appears in said first count, said plaintiff charges and may seek to recover against said four defendants upon the claim that said defendants at separate and distinct times and places committed separate and distinct individual assaults and batteries upon said G. Irene McDonald.

"(3) It does not appear from the allegations contained in said first count that there is any joint liability of said defendants on account of the various assaults and batteries alleged in said first count to have been committed upon said G. Irene McDonald.

"(4) The second count does not follow the writ, in that it appears that said Louis C. Hall, Sr., Louis C. Hall, Jr., Edwin J. Herrick, and William F. Gallagher have been summoned as defendants in said cause, and said second count purports to be a count against said defendant Louis C. Hall, Jr., alone.

"(5) There is a misjoinder of counts in said declaration in that the first, third, fourth, and fifth counts thereof respectively undertake to state causes of actions against all of said defendants, and the second count thereof undertakes to state a cause of action against only one of said defendants Louis C. Hall, Jr.

"(6) The allegations contained in the third count are so vague, indefinite, uncertain, informal, and insufficient that they do not state a cause of action against all of said defendants.

"(7) It appears by said declaration that said defendant Louis C. Hall, Jr., was and is an infant within the age of 21 years, and it does not appear that he took any part in the various negotiations mentioned and referred to in said third count, except as it is alleged that he acted by and through his attorney and agent, and, being an infant, said defendant Louis C. Hall, Jr., cannot be held liable for all or any of the statements alleged to have been made or the acts alleged to have been done by his said alleged agent.

"(8) Said plaintiff is not permitted to so far stultify himself as to be permitted to allege and claim, as he undertakes to allege and claim in said third count that he did not know or understand that he was en-

gaged in an attempt to compound an alleged felony, as in said count stated.

"(9) Said plaintiff is not permitted to so far stultify himself as to be permitted to allege and claim, as he undertakes to allege and claim in said third count, that he did not know or understand that he was engaged in an attempt to obstruct the course of justice, as in said count stated.

"(10) It appears from the allegations contained in said third count that said plaintiff voluntarily engaged in an agreement to suppress a legal investigation and prosecution concerning an alleged criminal offense and the imposition of due punishment therefor, if such offense had been committed, and was therefore a party to an illegal agreement and cannot base any right to recover upon the results of said illegal agreement, as stated in said third count.

"(11) It appears from the allegations contained in said third count that, if said plaintiff ever had any lawful right of action on account of the alleged debauchery of said G. Irene McDonald he was neither cheated nor defrauded of or lost such right of action.

"(12) It appears from the allegations contained in said third count that, if said plaintiff ever had a right of action on account of the debauching of his said daughter, he ·did not lose all or any of the compensation and damages which he was entitled to recover therefor.

"(13) Said third count does not state a cause of action against all or any of said defendants.

"(14) The fourth count undertakes to charge all of said defendants with assault and battery upon said plaintiff, and does not allege any concert of action or combination in that regard between said defendants.

"(15) For aught that appears in said fourth count, said plaintiff charges and may seek to recover against said four defendants upon the claim that said defendants at separate and distinct times and places committed separate and distinct individual assaults and batteries upon said plaintiff.

"(16) It does not appear from the allegations contained in said fourth count that there is any joint liability of said defendants on account of the various assaults and batteries alleged in said fourth count to have been committed upon said plaintiff.

"(17) The fifth count does not state a cause of action against all or any of said defendants for the reason that it does not charge that said plaintiff was acquitted of or from the offense alleged therein to have been charged against him.

"(18) It appears from the allegations contained in the third count of said declaration that said plaintiff did agree in writing to withdraw the complaint alleged to have been made against said defendant Louis C. Hall, Jr., and also agreed that neither he nor his said daughter would give evidence in said cause against said Louis C. Hall, Jr., and said plaintiff is not permitted to ask for or recover any damages, as claimed in the fifth count of said declaration, growing out of said transaction, for the reason that it appears that said plaintiff entered into an illegal agreement to suppress a legal investigation and prosecution concerning an alleged criminal offense and the imposition of due punishment therefor, if such offense had been committed, and was therefore a party to an illegal agreement, and cannot base any right to recover upon the results of said illegal agreement, as stated in said fifth count."

The first three grounds of demurrer may be considered together. It is claimed that the wrongs complained of in this count do not appear to be the joint act of all of the defendants. We think, that, where A., B., and C. are charged with having made an assault, it sufficiently appears to be a joint act. Certainty to a certain intent in general, or what upon a fair and reasonable construction may be called certain, is all that is required. We think that it sufficiently appears that the acts complained of were the joint acts of all of the defendants. What the evidence may show to have been the facts we are not here concerned with.

2. The fourth and fifth grounds will be considered together. They are based upon the claim that the charge that the defendant Louis C. Hall, Jr., debauched the daughter of the plaintiff constitutes a

separate count. In this we cannot agree with counsel for the defendants, for the reasons already stated.

The sixth to thirteenth grounds of demurrer, inclusive, treat what we think is the second count as the third count of the declaration. It is urged that the allegations are too vague, uncertain, and informal to constitute a cause of action. In our opinion, a just criticism of this count would be that it is argumentative and sets up the evidence instead of stating the ultimate facts, in many instances. In our opinion, the count states a cause of action. All the torts leading to one damage or object may be joined in one count.

In *Antcliff* v. *June*, 81 Mich. 477 (45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. Rep. 533), it was said:

"For every malicious wrong there is certainly in this day and age a remedy; and, under our liberal system of pleading in this State, a plain and clear statement of the facts constituting the wrong is sufficient, and it is but little matter, in actions of trespass on the case, what the action is named or called."

See *Marlatte* v. *Weickgenant*, 147 Mich. 266-274 (110 N. W. 1061).

We recognize the rule stated by counsel for defendants, and well expressed in *Walhier* v. *Weber*, 142 Mich. 322, 325 (105 N. W. 772, 773), that:

"It has been uniformly held that, where money has been paid or goods delivered in pursuance of a contract that is immoral or criminal, or in violation of a statutory provision, and the parties are in *pari delicto* and *particeps criminis*, the court will leave them where they have placed themselves."

The pertinent question here involved is whether that rule should be applied in view of the allegations of the second count, to which we invite attention. We are of opinion that the rule contended for does not apply where one party by fraud, deception, and overreach-

ing has induced another party to do some unlawful act, which he would not have done if he had not been misled, or deceived and defrauded into perpetrating it. The correct rule is stated in 20 Cyc. p. 80, as follows:

"A party who has been fraudulently misled cannot recover where he must found his claim in his own violation of a criminal statute. But where the fraudulent misrepresentations are intended to create, and actually do create, in his mind a belief that, under the circumstances represented, the act which he is induced to do is neither illegal nor immoral, he may recover the damages he has sustained notwithstanding a statute makes the act a criminal offense."

See English and American cases cited in note. See, also, 2 Cooley on Torts (3d Ed.), pp. 965, 984.

It is also urged that, if plaintiff ever had a cause of action because of the debauching of his infant daughter, he has not lost it by reason of anything stated in said count. Because plaintiff claims too much in his allegation of damages is not ground of demurrer. We think the count states a cause of action against all the defendants.

3. The criticisms of the third count (called the fourth count in the demurrer) have been disposed of in what we have said of the first count.

4. We think the fourth count states a cause of action against all of the defendants. Whether the evidence will sustain the count is a question we need not here consider.

We have considered all of the other questions raised and find no error. We therefore are of the opinion that the order overruling the demurrer should be affirmed.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.