TURBESSI *v.* OLIVER IRON MINING CO.

1. MALICIOUS PROSECUTION—ESSENTIALS TO MAINTAINING ACTION.
     To maintain an action for malicious prosecution, it must be established that the prosecution came to a legal termination in plaintiff's favor, that there was no probable cause, and that defendant acted from malicious motives.

2. JUDGMENT—RES ADJUDICATA—MALICIOUS PROSECUTION.
     In action for malicious prosecution, judgment of conviction that is final may not be attacked collaterally.

3. MALICIOUS PROSECUTION—FALSE IMPRISONMENT—JUDGMENT OF CONVICTION—DIRECTED VERDICT.
     Conviction under 3 Comp. Laws 1915, § 15422, of charge of blowing up air pipe belonging to mining company, from which no appeal was taken, is *res adjudicata* and complete defense to action for malicious prosecution against mining company and others, although principal witness against plaintiff later stated that he was innocent and that she was forced to commit perjury by officers of mining company, resulting in his parole by governor.

Error to Dickinson; Stone (John G.), J., presiding. Submitted January 15, 1930. (Docket No. 122, Calendar No. 34,443.) Decided March 7, 1930.

Case by Luigi Turbessi against the Oliver Iron Mining Company, a Minnesota corporation, and others, for false imprisonment and malicious prosecution. From a directed verdict for defendants, plaintiff brings error. Affirmed.

*Derham & Derham,* for plaintiff.

*Charles M. Humphrey* and *Symonds & Rahm,* for defendants.

BUTZEL, J.   Plaintiff and appellant brought suit against the Oliver Iron Mining Company, a Minnesota corporation, and James Michella, defendants and appellees, and also Ermina Lesendrini and Dominick Lesendrini, who have not appeared.   Defendant Oliver Iron Mining Company operated the Chapin mine in Dickinson county, Michigan, and employed plaintiff for a number of years prior to March 28, 1921, when he was laid off with a number of men.   At 3 a. m. on the morning of May 10, 1921, a large air pipe line belonging to the Chapin mine and used in connection with the hoisting apparatus was dynamited.   Plaintiff claims he was employed by the owner of an apple orchard not far from the mine at the time; that the following winter he went to Italy, his native country, and, together with his family, returned to Iron Mountain where defendant carried on its operations.   He again was employed by the Mining company from some time in August, 1922, until November 16, 1922, when defendant Michella, together with a special deputy sheriff, both employees of the Mining company, arrested him. Four days after he had been imprisoned a warrant was issued against him accusing him of blowing up the pipe.   He was charged with the crime set forth in section 15422, 3 Comp. Laws 1915, an act to punish wilful and malicious injuries to mines and property used in mining.   From plaintiff's declaration and the opening statement of his counsel, it would seem that plaintiff had difficulties with defendant Ermina Lesendrini.   He claims that he had sold to her and her husband, defendant Dominick Lesendrini, a horse and wagon, for which they had given him a note which they refused to pay; that he attempted to collect this note; that upon his return from Italy he insisted upon the payment of the note,

whereupon Mrs. Lesendrini made the accusation that
he was the man who blew up the pipe. He claims he
asked for an investigation by the prosecuting at-
torney. The latter wrote to the Mining company
that he had investigated the matter; that Mrs.
Lesendrini denied that she had made the statement;
and that he had concluded that plaintiff was inno-
cent of the charge. Plaintiff states that subse-
quently he was arrested, tried, convicted, and sen-
tenced to from 5 to 20 years in the State prison at
Marquette; that several years later Mrs. Lesendrini
became remorseful, spoke to the warden of Mar-
quette prison, and, after making an affidavit stating
that defendant was innocent, wrote a letter to the
governor in which she claimed that she was forced
to commit perjury by the officers of the Mining com-
pany. The governor paroled plaintiff after he had
served two and one-half years. No appeal was ever
taken from the judgment of conviction.

The present suit is for false imprisonment and
malicious prosecution. Under the facts as disclosed
by the record, a suit for malicious prosecution or
false imprisonment will not lie. We have repeatedly
held that in order to maintain a suit for malicious
prosecution, it must be established: (1) The fact of
the alleged prosecution that has come to a legal
termination in plaintiff's favor; (2) that the defend-
ant had no probable cause; (3) that he acted from
malicious motives. *Thomas* v. *Bush,* 200 Mich. 224;
*Swaney* v. *John Schlaff Creamery Co.,* 212 Mich.
567; *Weiden* v. *Weiden,* 246 Mich. 347. A judgment
of conviction that is final may not be attacked col-
laterally. Had defendant not been convicted, or
had the judgment of conviction been reversed, he
would have had a right to bring the suit. The judg-
ment of conviction is *res adjudicata* and a complete
defense to the present suit. Were this not the rule,

every one convicted of a felony might, after serving a term of imprisonment, collaterally attack the judgment of the court convicting him. There would be no end to litigation and frequently at a time when proper evidence might no longer be available. In the present case, upon the opening statement of plaintiff's counsel setting forth the claims of plaintiff as hereinbefore outlined, the judge directed a verdict in favor of all of the defendants. This was proper.

The decision of the lower court is affirmed, with costs to appellees.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.