HUGHES *v.* MICHOFF.

1. PLEADING—STATEMENT OF A SINGLE CAUSE OF ACTION IN EACH COUNT.

Each count in a declaration constitutes a statement of a distinct cause of action and must cover but a single cause of action.

2. SAME—SEPARATE COUNTS.

The cause of action stated in each separate count is as distinct from others as if it stood alone in a pleading, and the separate counts are as distinct as if they were in separate declarations.

3. MASTER AND SERVANT—SEPARATE TORTS—SAFE PLACE TO WORK— DANGEROUS SUBSTANCES—EVIDENCE.

In employee's action against employer, who had not elected to come under the workmen's compensation act, for injuries alleged in one count to have been sustained by reason of not having been furnished a safe place within which to work and, in second count, because of being set to work on dangerous substances by reason of which he contracted a disease causing injury, each count was based upon a distinct tort and could be sustained only by proof of damage to plaintiff resulting therefrom.

4. APPEAL AND ERROR — VERDICT ON TWO COUNTS — JUDGMENT IN GROSS SUM — ELIMINATION OF ONE COUNT.

A new trial is required where jury found defendant guilty under both counts of a declaration alleging two distinct causes of action and judgment in a gross sum was entered after trial court had eliminated one count as not supported by testimony.

Appeal from Jackson; Simpson (John), J. Submitted January 10, 1939. (Docket No. 102, Calendar No. 40,155.) Decided March 9, 1939.

Case by Burnette Hughes against John Michoff, trading and doing business as Quality Food Shop,

for personal injuries sustained as result of defendant's negligence in not providing a safe place to work and in requiring work on dangerous substances. Verdict for plaintiff. Judgment for defendant *non obstante veredicto* on first count and for plaintiff on second count. Defendant appeals. Reversed and new trial granted.

*Dahlem & Dahlem,* for plaintiff.

*Kirkby, Kirkby & Shroyer (Blackman & Blackman,* of counsel), for defendant.

POTTER, J. Plaintiff sued defendant to recover damages arising from personal injuries claimed to have been suffered by him while in the employ of defendant, who was not under the workmen's compensation act, claiming in the first count of his declaration that defendant did not furnish him a safe place to work and in the second count that defendant set him at work on dangerous substances or materials, by reason of which he contracted a disease causing injury. Defendant denied the material allegations of plaintiff's declaration. The cause was tried before a jury, and after hearing the testimony the jury rendered a verdict finding defendant guilty under both counts of the declaration and that plaintiff was entitled to damages in the amount of $998.71. After verdict, a motion was made by defendant for judgment *non obstante veredicto,* and the trial court found there was no evidence to sustain the finding of the jury under the first count of plaintiff's declaration. Defendant appeals.

Inasmuch as defendant was found guilty under both counts in plaintiff's declaration and the trial court upon defendant's motion found there was no testimony to sustain plaintiff's recovery under the

first count, we have an award of damages based upon two counts, one of which was eliminated. Is such judgment good?

Each count in a declaration constitutes a statement of a distinct cause of action. A count must cover but a single cause of action. *Ives* v. *Williams,* 53 Mich. 636. The cause of action stated in each separate count is as distinct from others as if it stood alone in a pleading, and the separate counts are as distinct as if they were in separate declarations. *McDonald* v. *Hall,* 193 Mich. 50. Each count in plaintiff's declaration was based upon a distinct tort and could be sustained only by proof of damage to plaintiff resulting therefrom. *Cunningham* v. *Brown,* 18 Vt. 123 (46 Am. Dec. 140) ; *Morril* v. *Morril,* 104 N. J. Law, 557 (142 Atl. 337, 60 A. L. R. 102) ; *Burden* v. *Elling State Bank,* 76 Mont. 24 (245. Pac. 958, 46 A. L. R. 906) ; *Jones* v. *Railway Co.,* 125 La. 542 (51 South. 582, 136 Am. St. Rep. 339).

Defendant could have been sued by plaintiff separately for each tort. Had this been done and damages assessed in each case and the trial court set aside one judgment, the result would have been definite. Can plaintiff, by joining two distinct causes of action in one declaration, after recovery of judgment in a gross sum on both counts, sustain that judgment after one count is eliminated? Did one half of the jury assess damages for $900 on the first count and $98.71 on the second count, and the other one half of the jury assess damages at $1 under the first count and $997.71 under the second count? Did the jury agree upon any basis of apportioning the damages between the separate counts in plaintiff's declaration? It is clear that some of the jury may have sustained one basis of recovery upon each count and others another basis of recovery. No one knows

whether the jury arrived at a unanimous verdict as to the damages to be awarded for each count in plaintiff's declaration or not. There is no method of determining. They could not legally have found defendant guilty on both counts and awarded damages on but one count. In such case, "there must consequently be a new trial." *Warner* v. *Beebe,* 47 Mich. 435.

Judgment reversed, with costs. New trial granted.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, and McALLISTER, JJ., concurred. NORTH, J., took no part in this decision.