WEINERT *v.* TALLMAN.

WEINERT *v.* WEINERT.

1. JUDGMENT—COLLATERAL ATTACK—COMMON-LAW MARRIAGE—DIVORCE—ANNULMENT.

A subsequent husband, as plaintiff in suit for annulment of his marriage to defendant on ground that she was still married to her former husband by virtue of the fact that her common-law marriage to such first husband after a first decree of divorce had been granted her was not set up in her later bill of complaint and that, therefore, the decree entered thereon did not sever the marriage ties, may not raise such objection as a collateral attack on validity of decree entered in wife's second suit for divorce against her former husband, where jurisdiction to enter such second decree was not questioned.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 480.
[4] 17 Am Jur, Divorce and Separation § 140.

2. DIVORCE—ANNULMENT.

A decree of divorce in wife's second suit for such purpose against her first husband will not, in subsequent suit for annulment by a second husband, be held ineffective to dissolve a common-law marriage that occurred after a first decree of divorce from a previous ceremonial marriage had been granted her merely because the ceremonial marriage was, and the common-law law marriage was not, pleaded in the second suit for divorce and the first husband failed to interpose any such objection.

3. MARRIAGE—ANNULMENT—RECORD.

Decree of annulment was properly denied husband, where he failed to establish continuance of wife's previously-existing common-law marriage or other alleged grounds.

4. DIVORCE—IMPOTENCY.

Trial court's finding that husband's impotency was ground for divorce held, established by the proofs.

5. SAME—PROPERTY SETTLEMENT.

Record held, to have supported decree made in wife's suit for divorce insofar as property settlement is concerned in view of showing made as to financial means and earning capacities of the parties.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted June 5, 1956. (Docket Nos. 3, 4. Calendar Nos. 46,754, 46,755.) Decided September 4, 1956.

Bill by Fred C. Weinert, plaintiff, against party designated as Doris A. Tallman, defendant, for annulment of marriage. Bill by identical party, Doris Weinert, against Fred C. Weinert for divorce. Cases consolidated for trial and appeal. Decree of divorce granted wife. Plaintiff, Fred C. Weinert, appeals. Affirmed.

*Brashear & Brashear* (*William W. Brashear,* of counsel), for plaintiff.

*Charles S. Toy,* for defendant.

Dethmers, C. J. Fred C. Weinert, hereinafter called plaintiff, filed a bill for annulment of the marriage between him and Doris Tallman, hereinafter called defendant. She, in turn, filed a bill for divorce. The cases were consolidated for trial. From decree granting defendant a divorce and, in effect, denying plaintiff an annulment, he appeals.

Plaintiff contends that the marriage was a nullity because, at the time the ceremony was performed, defendant was, and thereafter continued to be, the common-law wife of one Tallman and that, therefore, plaintiff was entitled to an annulment and a decree of divorce ought not to have been granted to defendant. Pertinent facts are that defendant married Tallman by ceremonial marriage in 1919; that in 1927 that marriage was dissolved by decree of divorce; that thereafter she and Tallman continued to live together and a child was born to them; that in subsequent divorce proceedings, never prosecuted to conclusion, she had filed a bill of complaint alleging a common-law marriage with Tallman as of 1927; that in 1954 she filed a bill for divorce against Tallman, alleging their ceremonial marriage of 1919, and a decree of divorce was entered thereon on June 16, 1954. The marriage between plaintiff and defendant herein occurred on October 15, 1954, was never consummated, and they separated 53 days later.

Plaintiff says that the 1954 decree divorcing the Tallmans was void and a nullity because the ceremonial marriage of 1919 therein pleaded had already been dissolved by the 1927 decree and the common-law marriage then entered into was not set up in the bill of complaint upon which the 1954 decree of divorce was entered and that, in consequence, the Tallmans' common-law marriage continued in effect when plaintiff and defendant herein contracted their ceremonial marriage.

The trial court based its holding that there was a valid marriage between plaintiff and defendant herein upon a finding that the proofs failed to establish a common-law marriage between the Tallmans. Defendant's bill of complaint filed against Tallman in the mentioned proceedings never prosecuted to conclusion and her averment therein of the existence of such common-law marriage present a considerable hurdle to that finding of the trial court. If the common-law marriage did not occur between the Tallmans, then, of course, defendant was under no incapacity to contract the marriage with plaintiff herein. On the other hand, if the common-law marriage did occur, did not the 1954 decree of divorce dissolve it?

Had Tallman defended against the 1954 divorce action by raising the objection that the 1927 divorce decree had already dissolved the 1919 ceremonial marriage pleaded therein and that no subsequent remarriage had been averred or proved, that might well have afforded a basis for dismissal of the bill of complaint, thus preventing entry of the 1954 decree of divorce. Such objection not having been raised in that case and the decree of divorce having entered therein (jurisdiction therefor not being questioned as in *Shane* v. *Hackney,* 341 Mich 91), plaintiff herein may not raise that objection in this suit as a collateral attack on the validity of the decree entered in that suit. *Turbessi* v. *Oliver Iron Mining Co.,* 250 Mich 110 (69 ALR 1059); *Zerfas* v. *Eaton County Drain Commissioner,* 326 Mich 657. We are cited to no authority for the proposition that the 1954 decree of divorce was ineffective to dissolve the common-law marriage between the Tallmans, if there was one, merely because it was not, and the earlier marriage was, pleaded in the bill of complaint. We decline so to hold. See, also, *Doertch* v. *Folwell Engineering Co.,* 252 Mich 76, as to presumption of validity of

ceremonial marriage and the dominance of the presumption of validity of a subsequent marriage over one which favors continuance in force of a prior marriage. We conclude that the court properly denied annulment, inasmuch as the record does not disclose an existing marriage between defendant and Tallman and the proofs warrant the court's finding that plaintiff did not establish other alleged grounds.

We think the proofs amply support the trial court's finding of plaintiff's impotency as ground for divorce. Examination of the record as to financial means and earning capacities of the parties and the equities between them does not persuade us that the court made improper provision in the decree for property settlement.

Affirmed, with costs to defendant.

Sharpe, Smith, Edwards, Boyles, Kelly, Carr, and Black, JJ., concurred.