TALOSI *v.* TURY.

1. LIMITATION OF ACTIONS—PLEADING—MOTION TO DISMISS.
    The defense of the statute of limitations may be raised as well by a separate motion to dismiss made in advance of trial as in the defendant's answer (Court Rule No 23, § 3 [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 34 Am Jur, Limitation of Actions § 423.
[2, 7] 41 Am Jur, Pleading § 107.
[3] 5 Am Jur 2d, Appeal and Error §§ 876–879.
[4] 34 Am Jur Malicious Prosecution § 115.
[5] 34 Am Jur, Malicious Prosecution § 109.
[6] 41 Am Jur, Pleading § 155.
[8] 34 Am Jur, Malicious Prosecution § 135 *et seq.*

2. PLEADING—COUNT—CAUSE OF ACTION.

A single count in a declaration can cover but 1 cause of action.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PLEADING—MALICIOUS PROSECUTION—ASSAULT AND BATTERY—STATUTE OF LIMITATIONS.

Whether or not the 1 count in plaintiff's declaration entitled him to go to the jury on his 2 alleged causes of action for malicious prosecution and for assault and battery need not be determined, where the statute of limitations had been interposed by way of motion to dismiss and the statute had run as to the assault and battery charge before the action had been commenced (CLS 1956, § 609.13).

4. MALICIOUS PROSECUTION—ASSAULT AND BATTERY—MALICE.

The allegation of assault and battery in a malicious prosecution case may well be considered pertinent as bearing on the question of malice.

5. SAME—ASSAULT AND BATTERY—MOTION TO DISMISS—STATUTE OF LIMITATIONS.

The interposition of defense of statute of limitations in action for malicious prosecution wherein plaintiff may also have urged an assault and battery as a separate cause of action extended to the defendant the benefit of the statute of limitations to the assault and battery if such were urged as a separate cause of action (CLS 1956, § 609.13).

6. PLEADING—AFFIRMATIVE DEFENSES—COMPLIANCE WITH COURT RULES.

A defendant should not be held to a strict compliance with court rule respecting the pleading of affirmative defenses, where the plaintiff has disregarded the requirements of the court rule relative to pleading different counts and of good pleading (Court Rule No 19, § 3; No 23, § 3 [1945]).

7. ASSAULT AND BATTERY—STATUTE OF LIMITATIONS—MALICIOUS PROSECUTION.

It was not error for the trial court, on defendants' oral motion at the trial, to dismiss or direct a verdict as to claimed cause of action for assault and battery, where such cause of action had not been separately pleaded, was reasonably considered by defendants' attorney to have been in aggravation of count for malicious prosecution, and statute of limitations, which had been interposed by way of motion to dismiss, had clearly run as to the charge of assault (CLS 1956, § 609.13).

8. MALICIOUS PROSECUTION—PROBABLE CAUSE—MALICE—EVIDENCE.
  Testimony of assistant prosecuting attorney, who had conducted
    prosecution of plaintiff for assaulting defendant husband and
    secured 2 convictions, relative to ultimate disposition whereby
    upon remand for new trial upon denial of leave to appeal, the
    prosecution had been dismissed after plaintiff had made resti-
    tution to defendant husband and had served 6 months' proba-
    tion, *held*, to have been properly admitted in action for mali-
    cious prosecution as bearing upon the issues of probable cause
    and malice, as jury should be informed as to the facts involved
    and attending the ultimate dismissal of the criminal action
    against the plaintiff, it being essential to plaintiff's case that
    termination of the criminal prosecution be favorable to him.

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted June 12, 1962. (Docket No. 44, Calendar
No. 49,441.)  Decided December 4, 1962.

Case by George Talosi against Louis Tury and
Margaret Tury for malicious prosecution and assault
and battery. Directed verdict for defendant Mar-
garet Tury on malicious prosecution charge and for
both defendants on assault and battery charge. Ver-
dict for defendant Louis Tury on malicious prosecu-
tion charge. Judgment for defendants. Plaintiff
appeals. Affirmed.

*J. J. Stoorman* (*Meyer Weisenfeld*, of counsel),
for plaintiff.

*Paul P. Colombo* and *Robert J. Colombo*, for de-
fendants.

DETHMERS, J. Plaintiff filed a 1-count declaration.
Later he filed an amendment, but it remained a 1-
count declaration still. In it plaintiff alleged that
defendants, husband and wife, maliciously prose-
cuted him on a criminal charge and committed an
assault and battery on his person.

Long in advance of trial defendants filed a motion
to dismiss the action on the grounds, *inter alia*, that

the statute of limitations* had run against it. In that motion defendants referred to plaintiff's action as one for malicious prosecution. Being in doubt as to whether the statute started to run from the institution of the criminal proceedings or termination thereof in a manner favorable to plaintiff, the trial court denied the motion.

At trial the court directed a verdict in favor of defendant wife on the malicious prosecution charge for the reason that there was no evidence that she had anything to do with signing a complaint or instituting the prosecution. In so stating to the jurors, the court told them that the assault and battery charge still stood as to the wife as well as the husband for jury consideration. The attorney for defendants then stated to the court that he had been thinking all along that he was defending a malicious prosecution case, but that it now dawned upon him, after what the court said to the jury, that plaintiff and the court were proceeding on the theory that this was also a case for damages for assault and battery. Accordingly, he moved orally that the assault and battery case be dismissed as to both defendants because the statute of limitations had run against it. As to an alleged assault and battery, there was no question concerning when plaintiff was claiming it had occurred. The statute had run against it before suit was commenced. In consequence, the court granted the motion and either dismissed in favor of both defendants with respect to the assault and battery charge, or directed a verdict to that effect. The court then advised the jury that all that remained for its consideration was the malicious prosecution charge against defendant husband. On that the jury, in due course, returned a verdict of no cause for action.

* See CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605).— Reporter.

Plaintiff filed a motion for new trial. It was denied. He appeals here from denial of that motion and judgment of no cause for action.

Plaintiff says that the court erred in granting defendants' oral motion during trial based on the statute of limitations with respect to the assault and battery because it had not been raised as an affirmative defense in any pleading before trial. For this he cites Michigan Court Rule, No 23, § 3 (1945), which provides that the affirmative defense of the statute of limitations must be plainly set forth in defendant's answer. He does not challenge the statement in the notes under this rule contained in Honigman's Michigan Court Rules Annotated (p 210), a statement which we approve, that the defense may be urged as well by a separate motion to dismiss made in advance of trial as in the defendant's answer. Consideration of the court rules, however, leads us, also, to take note of Court Rule No 19, § 3 (1945), which reads:

"The different counts of a declaration shall be designated as such and numbered consecutively."

On this subject, this Court, in *Ives* v. *Williams,* 53 Mich 636, said that a single count can cover but 1 cause of action. To the same effect is *Hughes* v. *Michoff,* 288 Mich 259. We are aware that in *Douglas* v. *Marsh,* 141 Mich 209, it is said that it is not necessarily duplicitous to have 2 theories in 1 count, but it was termed better pleading to have them in separate counts.

Whether the 1 count entitled plaintiff to go to the jury on his 2 alleged causes of action or not need not be determined in this case. Here is a 1-count declaration which counsel for defendants says caused him to believe he was called on to defend on a charge of malicious prosecution with the occurrence of the alleged assault and battery added only by way of

aggravation and explanation of defendants' actions and motives in instituting the criminal proceeding. The allegation of assault and battery in a malicious prosecution case could well have been considered pertinent as bearing on the question of malice. A reading of the declaration leads to the conclusion that defense counsel was well warranted in so supposing. By the motion to dismiss which defendants did file, plaintiff was apprised that they were claiming the benefit of the statute. The motion's reference to the malicious prosecution angle could not have led plaintiff to believe that defendants were content to waive that benefit as to assault and battery, if that was being urged as a separate cause of action.

Demonstrated is the confusion resulting from plaintiff's failure to plead his alleged 2 causes of action in separate counts. Had he done so, defendants would have been alerted to the necessity for pleading the statute as to both. They should not be held to strict compliance with Court Rule No 23, § 3 (1945), in the face of plaintiff's disregard of Court Rule No 19, § 3 (1945), and the requirements of good pleading. The court did not err in granting defendants' oral motion, made at trial, to dismiss or direct a verdict.

Prejudicial error is also claimed in that the trial court permitted an assistant prosecuting attorney to testify concerning the reasons for and circumstances under which he had moved for and obtained dismissal of the criminal case. It appears that the criminal case involved a charge against plaintiff herein of assault and battery against defendant husband in this case; that plaintiff was convicted, obtained a new trial, was again convicted, he again moved for new trial which was denied, he made delayed application for leave to appeal therefrom to this Court, and leave to appeal was denied but the case was remanded for new trial and then was dis-

missed on motion of the assistant prosecuting attorney. In the meanwhile, plaintiff had complied with the sentence imposed by making restitution to defendant husband and serving 6 months' probation. The assistant prosecutor testified that the action of this Court in denying leave to appeal but remanding for new trial was unusual. He further testified that he had informed this Court that, if it would make the disposition of the application for leave to appeal which was thereafter made, he would move to dismiss the case below because defendant therein, who is plaintiff here, had already completed his sentence and ought not to be burdened with further expense of appeal and trial. Inasmuch as an essential element to be proved by plaintiff in a malicious prosecution case is the termination of the criminal case favorably to him (see *Turbessi* v. *Oliver Iron Mining Co.*, 250 Mich 110 [69 ALR 1059], and cases therein cited), it was eminently proper for the jury in the malicious prosecution case to be informed as to the facts involved and attending the ultimate dismissal of the criminal case against him. Certainly this bore on the questions of whether defendant had had probable cause or malicious motives, both of which also are essential elements of the case for plaintiff to prove. No error occurred in this connection.

Affirmed. Costs to defendants.

CARR, C. J., and KELLY and OTIS M. SMITH, JJ., concurred with DETHMERS, J.

SOURIS, J. (*concurring*). I concur in Mr. Justice DETHMERS' opinion except that portion which relates to the so-called "assault and battery charge." Plaintiff's 1-count declaration pleads properly only a count for malicious prosecution. However named, the trial judge's elimination from the jury's consid-

eration of the assault and battery issue was not error.

BLACK, KAVANAGH, and ADAMS, JJ., concurred with SOURIS, J.