# JULY TERM, 1867, AT LANSING.

---

## Catharine Hawkins v. William H. Clermont and another.

*Foreclosure bill: Mortgage conditioned to board and support: When general demurrer lies.* Where a mortgage was given to an old person to secure the payment of a debt by boarding and supporting her for five years, *held*, that the mortgagee was absolutely entitled to the support for the entire period, and that the mortgagor was bound to furnish it—*Evans v. Norris*, 6 *Mich.* 369—and was not at liberty to furnish the support, or pay the money, at his option.

The bill in this case contained an averment that the mortgage sought to be foreclosed had been taken from the register's office before recording, and that defendant Clermont threatened to sell the premises; and also a prayer for an injunction. *Held*, further, that even though the mortgage were not due, the bill should not have been dismissed, as complainant was entitled to an injunction as prayed, to prevent such conveyance or incumbrance of the premises as might deprive her of all remedy.—*Woodward v. Clark*, 15 *Mich.* 111.

A general demurrer to a bill will not lie, if any relief whatever is warranted by the bill.

*Heard and decided July 9th.*

Appeal in Chancery, from Kalamazoo Circuit.

This was a bill to foreclose a mortgage. It alleged that complainant being seized of certain real estate, and being old and infirm, entered into an agreement with her son-in-law, William H. Clermont, by which in consideration of her conveying to him said real estate that he would execute back to her a mortgage upon said premises—conditioned to pay to her the sum of $500 in five years from

the date thereof—but to be paid by furnishing said complainant with a good and sufficient home and support in all things during said five years.

That said deed and mortgage were duly executed and delivered, but that said mortgage · after being left at the recorder's office was lost and never recorded. That defendant had failed and refused to perform the conditions of said mortgage, and that he had threatened to sell the premises so conveyed by complainant.

The bill asked for a foreclosure of the mortgage, and that defendant be enjoined from disposing of or encumbering the premises, and that he be decreed to re-execute and deliver to complainant a mortgage in lieu of the one alleged to have been lost.

Defendants filed a general demurrer, which was sustained by the Circuit Court, and the bill was dismissed without prejudice.

From this decree an appeal was taken to this court.

*May* and *Buck*, in support of the demurrer.

The demurrer must be sustained, for the bill of complaint does not show anything due under the mortgage.

The undertaking of the defendants which the bill sets up was "to pay, or cause to be paid, five hundred dollars in five years from the date thereof, (July 23d, 1867,) to be paid in furnishing your oratrix, during the said five years, a good and sufficient home and support."

The mode of payment did not change the amount of the indebtedness nor the time when it was to be paid. In view of any default or contingency, the parties fixed the time absolutely when the five hundred dollars should be due.

Under this agreement the defendants had their election whether they would furnish the "home and support," or pay the money.—2 *Pars. on Cont.* 492; 3 *Conn.* 58, *and cases cited;* 1 *Blackf.* 342; 5 *Wend.* 393.

2. But if we consider the gist of the promise to be the "furnishing a home and support," and the sum named not an existing debt, but liquidated damages or a penalty fixed by the parties, we still must arrive at the same conclusion, that nothing is yet due on the mortgage; for the parties, in that case, settled not only the amount of the damages or penalty, but the time of payment as well.

In no view can the mortgage be foreclosed till the time agreed for the payment of the five hundred dollars — July 23d, 1867.

If this was a promise to pay money, either directly or alternately, the demurrer must be sustained. That it was so understood by the parties is apparent from the fact that it was made to run to the complainant, "her heirs, executors, administrators and assigns."

*A. Brown*, for complainant, was stopped by the court.

*Per Curiam.*

There are two objections to the demurrer. A general demurrer will not lie, if any relief whatever is warranted by the bill. Even if this bill could not be sustained as a foreclosure bill, it nevertheless makes out a case for an injunction to restrain a threatened transfer in fraud of the unrecorded mortgage, and, therefore, can not be demurred to generally for want of equity.

But we think it a good foreclosure bill. The mortgage was given to secure the payment of the complainant's debt, by boarding and supporting her during five years. This boarding and care are the very method of payment contemplated, and the performance of this condition is distinctly secured. Complainant had a perfect right to require it, and any failure would be a breach which would justify proceedings under the mortgage. Defendant had no option in the matter, and could not refuse to support complainant in the manner provided for.—*Evans v. Norris*, 6 *Mich.* 369.

The decree dismissing the bill must be reversed with .costs of both courts, the demurrer must be overruled, and defendants must answer the bill within the time fixed by the rules.