### WATSON *v.* WAGNER.

1. EQUITY—MOTION TO DISMISS—DEMURRER—RULES—PRACTICE.

Upon appeal from the denial of a motion to dismiss a bill in equity, the appellate court should apply those rules applicable to demurrers when the latter were in use under the former practice.

2. SAME—SUFFICIENCY OF BILL.

Under such practice, a bill would be sustained, as against a general demurrer, when the bill stated any ground for equitable relief, even though imperfectly.

3. SAME.

The statement of facts in the bill, rather than the form of the prayer, determines whether a case for equitable relief is made out.

4. SAME—FRAUD—FACTS—CONCLUSIONS.

The facts upon which the claim of fraud is based must be alleged, rather than conclusions, but it is sufficient if the substance of the transaction and the result is alleged.

5. SAME—FRAUD—TRUST—NOTICE.

The party seeking to impress a trust upon property must be able to follow the fund, and if the property is in the hands of a good faith owner, one who has purchased for full consideration, and without knowledge or notice of the trust, it may not be impressed upon it.

6. SAME—PLEADING—SUFFICIENCY.

Allegations in plaintiff's bill that defendant's husband fraudulently and without consideration obtained an equity in a lot which should have come to plaintiff; that he used said equity in purchasing a house and lot, taking title in himself and defendant by the entireties; that she as survivor took title, which was likewise without consideration; that she sold said property on an executory contract, and then held, either in cash or in an interest in the contract, property equitably belonging to plaintiff, *held*, sufficient to put defendant to answer.

Appeal from Wayne; Gilday, J., presiding.   Sub-

mitted April 24, 1918. (Docket No. 128.) Decided July 18, 1918.

Bill by Marcelena Watson against William F. Wagner, Julia P. Hart and others for the cancellation of an assignment of a land contract on the ground of fraud, and for an accounting. From an order dismissing the bill as to defendant Hart, plaintiff appeals. Reversed.

*William G. Fitzpatrick* (*William G. Weber*, of counsel), for plaintiff.

*Joseph A. Wright* (*Ormond F. Hunt*, of counsel), for defendant Hart.

The facts alleged in the bill and supplemental bill are somewhat complicated. We shall state those only which are necessary to an understanding of their effect upon the claim of defendant Julia P. Hart, as the case comes to this court on appeal from a decree dismissing the bill and supplemental bill as to her upon her motion in the nature of a general demurrer.

From such bill and supplemental bill it appears that the plaintiff was the vendee in a land contract for the purchase of the Balmoral apartment; that her interest as such vendee was worth $27,750 and the property was productive of a large income; that she was entirely without business experience. Among her roomers was defendant Denton, who had been with her many years, and in whom she had full confidence. Defendant Wagner was interested in a corporation called the "Wagner Resilient Wheel & Tire Co." He and defendant Denton first procured, by representations alleged to have been fraudulent, an assignment of plaintiff's interest in the Balmoral apartment for stock in this company and a small additional consideration. She soon concluded the deal was not a good

one for her and they returned her contract to her. But they soon renewed negotiations to obtain her interest in the apartment, urging upon her their fairness in returning her contract to her when requested, stated that Wagner owned eight lots on Jefferson avenue, worth $16,000, which would be given in addition to the consideration moving to her in the former deal. Relying upon their supposed fairness and her confidence in Denton, who protested that he was not interested in the transaction, but was prompted solely by his desire to assist her, she agreed to make the trade. The lots were not owned by defendant Wagner but were owned by defendant Berman, and were alleged to be worth from $12,000 to $15,300. The stock in the "Wagner Resilient Wheel & Tire Co." was worthless, the company was doing no business and its corporate right to do business had lapsed. It is alleged the sale of its stock was illegal, whether for failure to secure the approval of the Michigan securities commission does not appear, and the allegations of the bill quite fully warrant the conclusion that plaintiff would have been defrauded in a considerable amount if she had secured the unencumbered title to the eight lots. For the purpose of carrying out the deal plaintiff executed an assignment in blank of the land contract. She states in her bill that defendant Wagner told her he would bring her the deed of the Jefferson avenue property that day or the next.

It is at this point that one George D. Hart became a participant in the transaction. He is alleged to have assisted defendants Denton and Wagner in effecting an exchange of the equity in the Balmoral apartment with defendant Berman for the Jefferson avenue property and some cash, the exact amount of which plaintiff alleges is unknown to her, but she does allege that Hart informed Berman that "his people" must have $5,000 in cash, and it was arranged that Berman

was to put a mortgage for that amount upon the premises and execute contracts for the sale of the lots in a sum sufficient to pay the same, being $625 each. Berman seems to have been anxious to make the deal as it is alleged he paid Hart on his demand $1,000 commission for putting the deal through. Contracts were signed by Berman, one set with plaintiff and her sister, for five lots in which she was obligated to pay $3,125, and one with defendant Denton for three lots; the names of defendant Berman and defendant Davidson were inserted as assignees of plaintiff's contract. Defendant Wagner called upon plaintiff, taking with him the contracts for the five lots, told plaintiff that the two papers were deeds for the Jefferson avenue property, which she and her sister must sign; he was in a great hurry, did not have time to wait for plaintiff to get her glasses to read the papers. Relying on his statements she and her sister signed the papers, one of which he left with her. Denton later surrendered his contract for the three lots to Berman, taking three separate contracts, one to himself, one to Hart, and one to defendant Wagner's wife, who is also made a defendant.

Some few weeks later plaintiff showed to a friend the paper left by defendant Wagner, and then learned for the first time that instead of having a deed for the eight Jefferson avenue lots free from encumbrance, she had a contract for only five, and was obligated to pay $3,125. The bill shows that the defendants in deflecting the three lots from the plaintiff used some business acumen, as they selected for themselves two of the most valuable.

Hart used his contract as part payment of the purchase price of number 232 Moss avenue, being allowed for it the sum of $2,850, and took title to the Moss avenue property in the name of himself and wife, defendant Julia P. Hart. Later, he deceased, and Julia

P. Hart, as survivor, became possessed of the title to the Moss avenue property and in turn sold the same on an executory contract upon which it is alleged a large amount of the purchase price remains unpaid.

FELLOWS, J. (*after stating the facts*).   Upon a motion to dismiss in the nature of a demurrer we should apply those rules which have become fixed in the former practice when demurrers were in use.   One of the recognized rules of long standing was that a bill would be sustained, as against a general demurrer, when the bill stated any ground for equitable relief, even though imperfectly.   *Hawkins* v. *Clermont,* 15 Mich. 511; *Hoffman* v. *Ross,* 25 Mich. 175; *Wilmarth* v. *Woodcock,* 58 Mich. 482; *Darrah* v. *Boyce,* 62 Mich. 480; *C. H. Little Co.* v. *Cemetery Ass'n,* 135 Mich. 248. If this bill sets up any ground for equitable relief against the moving defendant, or against any property standing in her name, it must be sustained and she must answer.

On behalf of plaintiff it is insisted that under the arrangement for the trade of the equity in the Balmoral apartment by plaintiff, supposedly with defendant Wagner, for the eight lots on Jefferson avenue, she was to have title to all of them, and that, having complied with her part of the arrangement by assigning the contract for the apartment property, she became the equitable owner of the eight lots—all of them; that Hart received one of these lots for his share of the fraud perpetrated; that he paid no consideration, and, therefore, held such lot as trustee for her; that when it was used to purchase the Moss avenue property, the Moss avenue property became burdened with the trust; that defendant Julia P. Hart, who took title to the Moss avenue property by survivorship, was not a purchaser for value, and that

202—Mich.—26.

when she sold, by executory contract of sale, the trust followed what she received for it.

Defendant insists that plaintiff has an adequate remedy at law; that the facts constituting fraud must be specifically alleged, and that the facts set up do not make a case for relief in a court of equity for fraud; that one must be able to trace trust funds definitely, and that the trust cannot be impressed upon property in the hands of a *bona fide* holder; that the prayer of the bill shows a different theory than that now urged by plaintiff, and that the funds are not definitely traceable into the hands of this defendant; and in one of the briefs filed on behalf of defendant there is considerable discussion of homestead rights, rights of the widow to her support during the settlement of the estate, priority of creditors, and what rights are acquired by the widow in lands held by the entirety.

Without discussing at length many of the minor questions suggested it will suffice to say, that the bill contains a prayer for general relief, and that the statement of facts in the bill, rather than the form of the prayer, determines whether a case for equitable relief is made out; that there is nothing in the bill indicating that any question of homestead is involved; that a widow is not entitled to a homestead or support from money other than that belonging to her deceased husband; that under the facts in the bill, many of which we have not considered necessary to state, the case is of such a nature, and the complications in it so many, that it is clearly one for the court of equity.

The defendant's counsel is correct in his contention that the facts upon which the claim of fraud is based must be alleged, rather than conclusions. But it is sufficient if the substance of the transaction and the result is alleged. *Merrill* v. *Allen,* 38 Mich. 487. We think the facts are sufficiently stated in this bill. While it does not allege that Hart was active with de-

fendants Denton and Wagner in conceiving the fraud upon plaintiff, the facts alleged show he was active in its execution, and received his share of the proceeds.

Counsel for defendant is also correct in his contention that the party seeking to impress a trust upon property must be able to follow the fund, and that if the property is in the hands of a good faith owner, one who has purchased for full consideration, and without knowledge or notice of the trust, the trust may not be impressed upon it. But this bill does not make out such a case. Hart obtained this equity in the lot without consideration. He had demanded and received his commission from Berman for putting the deal through. He had received his pay for his services. Where the $5,000 received on the Berman mortgage went this record does not disclose. When the equitable title to this lot was deflected from plaintiff to Hart the transaction was without consideration. He used the property equitably belonging to plaintiff and applied it to the amount of $2,850 in purchasing the Moss avenue property, taking title to himself and this defendant. When she, as survivor, took title it was likewise without consideration, and when she sold on an executory contract, presumably for part cash, and part on time payments, she then held, either in cash or in an interest in the contract, property equitably belonging to plaintiff, for which she had paid no consideration and to which she had no right, and upon which she had no equitable claim. These are the facts alleged in this bill and for the purposes of this motion must be taken as true. The plaintiff has traced into the hands of this defendant property equitably belonging to her sufficiently to put defendant to answer.

It follows that the decree of the court below must be reversed and the demurrer overruled. Defendant will have the usual time to answer. The plaintiff will recover costs in this court; but the record contains an-

swers and other pleadings of defendants other. than Mrs. Hart, and which are not necessary to present the questions relating to her, and which are the only ones here involved. Unless it shall be made to appear on the settlement of the decree that such unnecessary matter was incorporated in this record at the request of defendant, one-half only of the cost of preparing and printing the record will be allowed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.