SPELMAN v. ADDISON.

1. DISCOVERY—DISCRETION OF COURT—RECORD—MINORITY STOCK-HOLDER'S SUIT.

In suit by minority stockholders of one corporation against the holders of a majority interest in such corporation, who are alleged to have held controlling interest in two other corporations, and the three corporations, motions for discovery in order to plead and prepare for trial were properly denied where record fails to show an abuse of discretion vested in the trial court (Court Rules Nos. 40, 41 [1933]).

2. PLEADING—SUFFICIENCY.

A liberal attitude is taken in passing upon the sufficiency of pleadings (Court Rule No. 17, § 1; No. 19, § 1 [1933]).

3. EQUITY—FRAUD—FACTS—CONCLUSIONS.

The facts upon which the claim of fraud is based must be alleged, rather than conclusions, but it is sufficient if the substance of the transaction and the result is alleged.

4. SAME—PLEADING—SUFFICIENCY.

In determining the sufficiency of a bill of complaint, consideration should be given to the character of the plaintiff's alleged cause of action and to such circumstances as whether the records and knowledge of the facts on which the plaintiff relies are in his possession or largely, if not exclusively, in the possession of defendant.

5. SAME—MINORITY STOCKHOLDERS' SUIT—PLEADING—SUFFICIENCY.

Bill of complaint by holders of a minority stock interest in one corporation in suit against such corporation and two others, all alleged to be organized "to buy, sell, breed, own, ranch and deal in foxes and other fur-bearing animals," and against individual defendants owning and controlling all three corporations, in which it is alleged that the other two corporations are being used to deplete and dissipate the profits and earnings of plaintiffs' corporation by a systematic conspiracy and that corporate statements have been insufficient, incomplete, inaccurate and misleading, with some allegations as to supporting facts, *held*, sufficient, in view of record and further allegation that facts concerning operations of all defendant corporations over a period of 12 years were in

exclusive control of defendants, to require defendants to answer (Court Rule No. 17, § 1 [1933]).

6. COSTS—SUPREME COURT—FAILURE OF EITHER PARTY TO PREVAIL FULLY.

No costs in Supreme Court are allowed on plaintiffs' appeal from orders dismissing petitions for discovery and bills of complaint where neither party fully prevailed on appeal.

SHARPE and WIEST, JJ., disenting in part.

Appeal from Jackson; Williams (Benjamin), J. Submitted October 8, 1941. (Docket No. 13, Calendar No. 41,247.) Decided March 17, 1942.

Bill by William Glendene Spelman and others against William Addison, National American Furs, Inc., Addison Furs Corporation, Addison Silver Black Fox Farms, Inc., Michigan corporations, and others for an accounting, an injunction, and other relief. Motions by plaintiffs for temporary receiver and order of discovery by deposition. Motion by defendant National American Furs, Inc., to vacate order appointing temporary receiver and to vacate motion for discovery. Motions to dismiss bill by defendant National American Furs, Inc., and other defendants. From order dismissing bill of complaint, plaintiffs appeal. Reversed and remanded.

*Rosenburg, Painter & Cristy* and *Adrian D. Rosen,* for plaintiffs.

*Bisbee, McKone, Badgley & McInally,* for defendant National American Furs, Inc.

*Burney E. Brower* and *Bernard H. Bailey,* for defendants Addison, Wigle, Addison Furs Corporation, and Addison Silver Black Fox Farms, Inc.

SHARPE, J. (*dissenting in part*). This is an appeal from an order dismissing a bill of complaint.

Plaintiffs are minority stockholders of National

American Furs, Inc. On February 13, 1940, they filed a bill of complaint in the circuit court of Jackson county against William Addison, Stanley Addison, Reamer W. Wigle, National American Furs, Inc., Addison Furs Corporation, and Addison Silver Black Fox Farms, Inc.

In the bill of complaint, it is alleged that defendant corporations were organized for similar purposes, *i.e.*, to buy, sell, breed, own, ranch and deal in foxes and other fur-bearing animals; that the individual defendants are the principal officers and directors of defendant corporations and have the control and management of the National American Furs, Inc.; that defendants Addison are also the controlling stockholders in the other defendant corporations; that defendants Addison had founded and operated a fox farm under the "pool system" and plaintiffs were originally sold "breeders" and then induced to accept stock in the National American Furs, Inc., which plaintiffs were given to understand was the sole owner and operator of the former business; that plaintiffs were without information as to the previous organization of the other defendant corporations until shortly before the bill of complaint was filed; that on January 25, 1939, the individual defendants procured from the National American Furs, Inc., a chattel mortgage for $16,302.37 as security for alleged sums due the defendants for advances claimed to have been made to the company; that on April 20, 1939, the individual defendants procured a second chattel mortgage on the property of the National American Furs, Inc., the amount of which is not stated; that these defendants intend to procure a default of these mortgages and take over the assets of the corporation by foreclosure of the mortgages; that the individual defendants are using the Addison Furs Corporation as an instrumentality to deplete and dissipate the

profits and earnings of the National American Furs, Inc.; that officers of Addison Furs Corporation and Addison Silver Black Fox Farms, Inc., are identical; that the individual defendants are allowing these two corporations, which are owned by these defendants, to take over the property and assets of the National American Furs, Inc., as the true owners of the business; that the Addison Furs Corporation, Inc., claims to be operating as a holding company for the National American Furs, Inc.; that defendants have brought about pretended sales of prime foxes and pelts from the National American Furs, Inc., to themselves at insufficient prices; that defendants have refused to answer any inquiries with regard to the claimed sales; that defendants are engaged in a systematic plan or conspiracy to deceive and defraud the stockholders of the National American Furs, Inc.; that the annual statements to stockholders of the National American Furs, Inc., have been insufficient and incomplete; that statements of corporate affairs furnished stockholders have been inaccurate and misleading; that defendants acting in concert prevented the stockholders from discussing matters of concern to the corporation at their annual stockholders' meetings in 1938 and 1939; and that defendants through the Addison Silver Fox Farms, Inc., and Addison Fur Corporation are engaged in a competitive business with the National American Furs, Inc., to its loss and detriment.

The bill of complaint contains a prayer for an order of discovery and that defendants be ordered to appear for examination and to produce their books and records; for an injunction restraining the individual defendants from disposing of any of the real or personal property of the defendant corporation; and for the appointment of a receiver.

On February 13, 1940, plaintiffs filed a petition for

discovery by deposition under Court Rule No. 41 (1933). The information asked for was as follows:

"1.  Nature and extent of all business transacted between all of the defendant corporations and the defendant officers and directors.

"2.  Itemized accounting of the following items:

(a)  Direct ranch expense.
(b)  Indirect ranch expense.
(c)  Administration expense.
(d)  Officers' and directors' salaries.
(e)  Livestock.
(f)  Sums alleged to be due officers.

"3.  Nature and extent of the operations and business conducted by the Addison Furs Corporation, and the Addison Silver Black Fox Farms, Inc.

"4.  Who has title to the real estate, equipment and other personal property?

"5.  When were the books of the defendant corporations and particularly the books of the National American Furs, Inc., audited? Who made the audit, and produced the last audit and statements of said corporation?

"6.  What disposition has been made of the profits earned by the National American Furs, Inc., for the past 12 years?

"7.  Have income tax returns been filed for the National American Furs, Inc., the Addison Furs Corporation and the Addison Silver Black Fox Farms, Inc., and produce the duplicate copy of such income tax returns for the years 1935, 1936, 1937, 1938 and 1939?

"8.  State the amount of livestock or pelts sold, transferred or assigned to Stanley Addison.

"9.  Produce all books of original entry, including the stock register and the minute book.

"10.  Who prepared the chattel mortgages on the livestock? Was the same authorized by resolution of the board of directors of the National American Furs, Inc., and if so, produce the minutes of the meeting at which the alleged resolutions were passed.

"11. Who has had charge of the books and records of the National American Furs, Inc., the Addison Furs Corporation, and the Addison Silver Black Fox Farms, Inc., and under whose supervision and direction have the said books been kept?

"12. Is the National American Furs, Inc., indebted to any other persons, firms or corporations other than the officers? Are there any debts other than current bills and are any such bills past due?"

An order was entered that the defendants show cause why an injunction should not be granted and why a temporary receiver should not be appointed.

On February 28, 1940, the defendant National American Furs, Inc., filed motions to vacate the temporary injunction, which had been issued; to vacate the motion for discovery by deposition; and to dismiss plaintiffs' cause of action. The reasons alleged in these motions are that the bill of complaint does not state a cause of action; that the temporary injunction is without the authority and jurisdiction of the court; that the bill of complaint is designed to harass and impede the defendants in the management of the affairs of the corporation; that the motion for discovery does not clearly show that discovery is necessary; that the scope of the examination of the books and records of defendant corporations as prayed by plaintiffs seeks information which is within the knowledge of plaintiffs; that plaintiffs have had knowledge of the matters complained of for two years; that plaintiffs do not own or represent two. per cent. of the outstanding capital stock of the National American Furs, Inc., and the court is precluded from making any such order by section 45 of the Michigan general corporation act (Act No. 327, § 45, Pub. Acts 1931, as amended by Act No. 194, Pub. Acts 1935 [Comp. Laws Supp. 1940, § 10135–45, Stat. Ann. § 21.45]); and that the bill of complaint is fa-

tally defective by reason of its being multifarious and because no demand has ever been made upon the corporation or any of the directors to bring the present suit.

The trial court denied plaintiffs' petition for production of books and papers and for discovery by deposition under Court Rules Nos. 40 and 41 (1933); and also dismissed plaintiffs' bill of complaint. Plaintiffs appeal.

Court Rule No. 40 (1933) relates to the production of books and papers. It provides for the discovery of papers or documents in the possession of or under the control of the defendant which may be necessary to enable the plaintiff to declare or answer any pleadings of the defendant, and to prepare for trial of the cause. Court Rule No. 41 (1933) relates to discovery by deposition. This rule provides that any court of record may, in its discretion, in any civil action therein pending at any time before trial, authorize the taking of the depositions of the opposite party, or of any person who for such opposite party has verified a pleading or an affidavit attached thereto.

In the case at bar the petition for discovery by deposition was verified only by the attorneys for plaintiffs, but the petition does state that it is based "upon the bill of complaint heretofore filed," which bill of complaint was sworn to by plaintiffs.

Under Court Rule No. 40 (1933) if one seeks production and discovery of documents *in order to prepare for* trial, it must be alleged and appear that the information sought cannot be obtained at the trial of the case by subpœna *duces tecum. Gemsa* v. *Dorner,* 256 Mich. 195. There is no such showing in this case and the trial court was correct in denying discovery for this purpose under Court Rule No. 40.

With respect to discovery for the purpose of enabling the petitioner to plead, the rule is well stated

in *Scarney* v. *Clarke,* 276 Mich. 295, 303, where we said:

"It seems to us that the very purpose of that portion of the rule here involved is to permit a party to seek information essential to the framing of his pleading."

In that case, in further explanation of the rule, we also said:

"This is not a case where defendants have made a showing that plaintiffs do not require the documents for the purpose claimed; neither does it seek the production of 'confidential or privileged communications,' nor is it one 'to direct fishing expeditions into private papers on the possibility that (it) may disclose evidence' of liability, * * * but on the contrary, good faith and probable cause abundantly appear."

It is urged by defendants that minority stockholders may not compel an examination of books and records of corporations by discovery. Act No. 327, § 45, Pub. Acts 1931, as amended by Act No. 194, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 10135-45, Stat. Ann. § 21.45), provides that stockholders holding two per cent. of stock are entitled to the statutory right of examination. The above section of the corporation act does not militate against discovery under the court rules. The right under the two per cent. clause in the statute is a right of a shareholder as an owner of the business to inspect the records of the business, but the right of discovery under Court Rule No. 40 (1933) is the right of a litigant whether he is a stockholder or not. One right is based on litigation, while the other is based on ownership of stock.

The application of Court Rules Nos. 40 and 41 (1933) must rest largely in the sound discretion of the trial court. In the case at bar, the information

sought would require a complete audit of the books of all three corporations. There has been no showing made that the books and records of the Addison Furs Corporation and the Addison Silver Black Fox Farms, Inc., contain any information helpful to plaintiffs or necessary to enable them to file a declaration or to prepare for the trial of the cause. The trial court was right in denying the motion insofar as these two corporations are concerned.

In the case at bar, the inquiry should be limited to the financial condition of the National American Furs, Inc., together with such agreements and resolutions entered into by its board of directors. But the rights above enumerated are contingent upon plaintiffs being litigants in a suit wherein the corporation is involved. This brings us to a discussion of the order of the trial court in dismissing plaintiffs' bill of complaint.

As has been heretofore said the defendants urge that plaintiffs' bill of complaint does not state a cause of action. The trial court held that "eliminating from the bill of complaint the bare conclusions of the pleader, the bill does not make out a case for the equitable relief prayed."

On a motion to dismiss the bill of complaint, all properly alleged facts must be taken as admitted. *Marvin* v. *Solventol Chemical Products, Inc.*, 298 Mich. 296.

"Our practice neither requires nor encourages the needless repetition of allegations. A plain and clear statement of the facts constituting the wrong complained of is sufficient; the object of the declaration being to apprise the defendant and the court of the grounds of the pleader's claim, to give the defendant fair notice of the case he is called to meet. It is neither necessary nor proper to allege matters of evidence in a pleading; only ultimate facts should be alleged, not

the circumstances which tend to prove them." *Mc-Donald* v. *Hall,* 193 Mich. 50.

"The defendant's counsel is correct in his contention that the facts upon which the claim of fraud is based must be alleged, rather than conclusions. But it is sufficient if the substance of the transaction and the result is alleged." *Watson* v. *Wagner,* 202 Mich. 397.

"It is not enough to aver that acts done or intended are unlawful or illegal. The acts complained of must be definitely and issuably shown, so that if the facts themselves should be admitted the court can draw legal conclusions. An averment that a party has acted unlawfully, without showing what he did, is not an averment of issuable facts." *Schwab* v. *Mabley,* 47 Mich. 572.

Plaintiffs rely upon the following allegations to state a cause of action:

That on January 25, 1939, the National American Furs, Inc., gave a chattel mortgage in the sum of $16,302.37 on all of its livestock which represents the principal asset of the corporation to the individual defendants; that plaintiffs have no information as to the validity of the advances made by the individual defendants to the company; that all sums earned by the corporation have been used in the payment of salaries to officers and employees; and that the funds of the corporation have been dissipated.

An examination of the above allegations concerning the giving of the chattel mortgage discloses nothing unlawful. A director is not prohibited from loaning money to the corporation of which he is a director and being secured for such loan; and it may well be that the earnings of the corporation were not more than enough to pay the salaries of the officers and employees. The charge of dissipation of funds is a

mere conclusion. It is not based upon any specific allegation in the bill of complaint.

Another paragraph in the bill of complaint charges that the defendants are employing divers methods for dissipating the funds of the National American Furs, Inc. This statement is a mere conclusion. There are no facts stated from which such a conclusion could be drawn. Another allegation is that for the past 12 years the business of the National American Furs, Inc., has been conducted for the benefit of the individual defendants and that the corporation has not paid any dividends. The above allegation is insufficient to give defendants fair notice of the issue they are called upon to meet. See *McDonald* v. *Hall, supra*. Nor is the failure to pay dividends a sufficient cause in itself for the dissolution of a corporation or the appointment of a receiver.

Other allegations are that the other corporations are being used as a subterfuge to deplete the earnings of the National American Furs, Inc.; and that the Addison Furs Corporation, Inc., is being operated as a holding company for the National American Furs, Inc. It is true that the words "deplete" and "dissipate" imply wrongdoing, but there are not facts alleged to show wherein the wrongdoing lies or the manner used to accomplish the so-called wrongdoing. Such allegations are mere conclusions and insufficient basis for a cause of action.

We have examined minutely the entire bill of complaint and find that it is based upon "information" and "belief" fortified by conclusions of law and fact. It does not contain sufficient facts from which a court may draw legal conclusions and therefore fails to state a cause of action. The trial court was right in dismissing the bill of complaint. It follows that plaintiffs' bill of complaint having been dismissed, they

cease to be litigants; and having no suit pending in court, they may not invoke the power contained in Court Rules Nos. 40 and 41 (1933).

The decree of the trial court should be affirmed, with costs to defendants.

NORTH, J. The two questions presented by this appeal are: 1. Should the trial judge's order denying plaintiffs' motion for discovery be affirmed? 2. Should the trial judge's order granting defendants' motion to dismiss plaintiffs' bill of complaint be affirmed?

Justice SHARPE has written for affirmance of each of these orders. On the ground that the record before us does not disclose that the denial of plaintiffs' motion for discovery was an abuse of the discretion vested in the trial court, I concur in affirmance of the order entered. But I am unable to agree in affirmance of the order dismissing plaintiffs' bill of complaint.

Fundamentally the dismissal of the bill of complaint by the trial court was on the ground that the allegations were largely conclusions of the pleaders and did not allege sufficient facts or circumstances, even taken as true, to constitute a cause of action against defendants or any of them. The contents of the bill of complaint are fairly and quite fully stated in the opinion of Justice SHARPE; though it should also be added that plaintiffs specifically allege the following:

"Plaintiffs further state that all of the facts concerning the operations of all of the defendant corporations over a period of the last 12 years are in the exclusive possession of and under the control of the defendants; that it is necessary in order to prosecute this suit and prepare pleadings and prepare for

trial, that discovery be had and that the defendants and their records be examined and that depositions be taken.''

In recent years, at least, this Court has taken a liberal attitude in passing upon sufficiency of pleadings. On the law side of the court it is provided: ''The declaration shall contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend.'' Court Rule No. 19, § 1 (1933). As to pleadings generally it is provided by rule: ''All pleadings must contain a plain and concise statement without repetition of the facts on which the pleader relies in stating his cause of action or defense, and no others.'' Court Rule No. 17, § 1 (1933). In the instant case plaintiffs' claimed right to relief is based upon alleged fraud and misconduct of defendants. Plaintiffs' suit is planted on the equity side of the court because they seek an accounting and injunctive relief. In a case of similar character wherein the bill of complaint was dismissed in the circuit court on the application of defendants, we reversed the order of dismissal and said:

''The facts upon which the claim of fraud is based must be alleged, rather than conclusions, but it is sufficient if the substance of the transaction and the result is alleged.'' *Watson* v. *Wagner* (syllabus), 202 Mich. 397.

In determining the sufficiency of a bill of complaint, consideration should be given to the character of the plaintiff's alleged cause of action and to such circumstances as whether the records and knowledge of the facts on which the plaintiff relies are in his possession or largely, if not exclusively, in the possession of defendant. In the instant case there can be no question but that in a very large measure the defendants, and

not the plaintiffs, are the ones possessed of knowledge of detailed facts and circumstances upon which the merits of plaintiffs' case must depend. As noted above the case is so pronouncedly of that character that plaintiffs allege in their bill of complaint their inability to plead fully all the facts, and their need of discovery.

With the contents of the bill of complaint in the instant case such as are stated in the opinion of Justice SHARPE, and as they appear in the record, defendants should have been required to answer; and the trial court was in error in entering an order dismissing the bill of complaint. The case is remanded to the trial court for the purpose of vacating the order of dismissal and for further proceedings therein. Since neither party fully prevailed on this appeal no costs will be awarded in this court.

BOYLES, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred with NORTH, J. CHANDLER, C. J., did not sit.