GREVNIN v. COLLATERAL LIQUIDATION, INC.

1. EQUITY—MOTION TO DISMISS—PLEADINGS—ADMISSIONS.
   On a motion to dismiss a bill of complaint, all properly alleged facts in the bill are accepted as true and well pleaded facts in defendant's answer which are not controverted must also be taken as admitted and considered when deciding a motion to dismiss (Court Rule No. 23, § 2; No. 24, § 1 [1933]).

2. MORTGAGES—USURY—PLEADING—COERCION.
   Under bill for quiet enjoyment of premises and to set aside an alleged usurious mortgage, allegations that mortgage was

originally executed to secure $65,000 and $15,000 was paid in cash to defendant on same date, where undisputed allegations of defendant's answer state that mortgage was foreclosed and property bid in by defendant at $50,672.56, claim of coercion into entering into an agreement acknowledging an indebtedness of $54,219.20 about a week before expiration of period of redemption and execution of a lease with option to purchase failed to state a cause of action (Court Rule No. 23, § 2; No. 24, § 1 [1933]).

3. USURY — MORTGAGES — FORECLOSURE — REDEMPTION — OPTION TO PURCHASE.

Allegations in bill of complaint that, after period of redemption from foreclosure of mortgage had expired and plaintiffs had not exercised their rights under an option to purchase the premises of which they were still in possession, plaintiffs were required to execute an agreement that they were indebted to defendant which had been mortgagee in the sum of $90,000, some $25,000 more than the principal of the mortgage then recently foreclosed, failed to state a cause of action on theory that transaction was usurious.

4. APPEAL AND ERROR—MORTGAGES—USURY—CONSIDERATION.

In mortgagors' suit after expiration of period of redemption from foreclosure for reconveyance because of usury, where facts are not set forth in the pleadings challenging the consideration of the original mortgage, Supreme Court assumes that the amount named therein was the actual consideration.

5. PLEADING—USURY.

To say that a transaction is usurious, without pleading facts upon which such a conclusion would naturally follow, is insufficient to form a basis for a suit in chancery.

6. EQUITY—SUFFICIENCY OF PLEADINGS.

In determining the sufficiency of a bill of complaint, consideration should be given to the character of the plaintiff's alleged cause of action and to such circumstances as whether the records and knowledge of the facts on which plaintiff relies are in his possession or largely, if not exclusively, in the possession of the defendant.

7. PLEADING—FRAUD—FACTS—CONCLUSIONS—SUBSTANCE OF TRANSACTION—RESULT.

The facts upon which the claim of fraud is based must be alleged rather than conclusions, but it is sufficient if the substance of the transaction and the result is alleged.

8. Usury—Pleading—Sufficiency.

> In suit by mortgagors after expiration of period of redemption from sale in foreclosure proceedings for reconveyance by mortgagee which had purchased premises at such sale because original mortgage and subsequent lease with option to purchase arrangements were usurious, where plaintiffs failed to make such specific allegations of facts as would reasonably inform the defendant of the nature of the cause it would be called upon to defend, bill was properly dismissed.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 7, 1942. (Docket No. 1, Calendar No. 41,907.) Decided June 10, 1942. Rehearing denied September 8, 1942.

Bill by Ruben Grevnin, Harry Grevnin and wife against Collateral Liquidation, Inc., a Delaware corporation, for an accounting, an injunction, to set aside a conveyance, and for other relief. Cross bill by defendant against plaintiffs for an injunction to restrain removal of personal property and for ·other relief. Bill dismissed. Plaintiffs appeal. affirmed.

*Meyer Weisenfeld* and *Ralph E. Routier,* for plaintiffs.

*Miller, Canfield, Paddock & Stone,* for defendant.

Sharpe, J. Plaintiffs filed a bill of complaint in the circuit court of Wayne county in chancery for an accounting, for an injunction against defendant enjoining it from disturbing plaintiffs in their quiet and peaceful possession of certain real estate, and for the conveyance of the premises to plaintiffs. Defendant filed an answer and a motion to dismiss plaintiffs' bill of complaint on the ground that it did not state a cause of action.

The trial court dismissed plaintiffs' bill of complaint, giving the following as his reasons therefor:

"It is a rule of equity pleading that facts must be set forth and that mere statements of conclusions are not substitutes therefor. Fraud cannot be pleaded by saying fraud any more than negligence can be pleaded in a declaration by saying negligence or nuisance can be pleaded by simply saying nuisance or breach of trust by saying breach of trust. The facts must be pleaded from which these matters flow as conclusions of fact and law. So in the case of usury the facts must be pleaded from which the conclusion is to be drawn that usury exists. The total failure to set forth any facts to back up the averment that the transactions in question were usurious is a fatal defect in this bill of complaint. * * *

"The necessary conclusion is that the bill fails to show fraud in the inception of the original $65,000 mortgage, or that it was tainted with usury. It fails to show any reason why Exhibits 1 and 2, attached to the bill of complaint, should be looked upon as extensions of the period of redemption of the original mortgage. No reason is set forth which has legal validity why these documents should be considered to be anything except what they purport to be upon their face."

Plaintiffs appeal. On a motion to dismiss a bill of complaint all properly alleged facts in the bill are accepted as true, *Marvin* v. *Solventol Chemical Products, Inc.,* 298 Mich. 296; *Wedin* v. *Atherholt,* 298 Mich. 142, and well-pleaded facts in defendant's answer which are not controverted must also be taken as admitted and considered when deciding a motion to dismiss, *Case* v. *City of Saginaw,* 291 Mich. 130.

See, also, Court Rule No. 23, § 2 (1933), and Court Rule No. 24, § 1 (1933).

In the case at bar, plaintiffs seek relief from a series of transactions with defendant which it is claimed were tainted with usury.

The facts as contained in the pleadings and upon which decision is based are as follows:

Plaintiffs purchased a large tract of land in the village of Ecorse, Wayne county, Michigan. In October, 1934, they mortgaged the premises to defendant company for $65,000. The payments due on the mortgage being in default, the mortgage was foreclosed by advertisement. The sale took place April 22, 1938, and the property was bid in by the mortgagee (defendant) for the sum of $50,672.56.

The period of redemption would have expired April 22, 1939, but on that date the parties entered into an agreement which was in the form of a lease with option to purchase. This agreement provided that beginning April 22, 1939, and for a period of 18 months the plaintiffs were to pay rent for the premises at a monthly rental of $600 payable monthly in advance. The option executed at the same time was not exercised by plaintiffs during the period of the lease.

On December 30, 1940, another agreement was entered into between the parties. This agreement was in the form of a lease, whereby plaintiffs were to lease the premises for a period expiring September 30, 1941. The agreement contained an option to purchase the premises which option expired July 1, 1941. The above agreement also provided that upon payment of the sum of $2,500 on or before September 30, 1941, the lease would be extended until December 31, 1941. The option provided that the premises could be purchased for the sum of $90,000 and, if the option was exercised, plaintiffs were to pay the sum of $35,000 in cash and to be given a land contract providing for payment of the

balance extending over a period of five years.   This option was not exercised.

The theory upon which plaintiffs claim a cause of action is that the transactions were usurious; that they were coerced into executing certain agreements; and that they were "lulled into a feeling of false security" and therefore failed to redeem from the mortgage foreclosure.

The bill of complaint avers that on October 10, 1934, a mortgage was executed by plaintiffs to defendant corporation securing the principal sum of $65,000; and that on the same date, plaintiffs paid defendant the sum of $15,000 in cash.  Paragraph 5 of the bill of complaint charges that on April 14, 1939, plaintiffs were coerced into entering into an agreement whereby they acknowledged an indebtedness of $54,219.20 and executed a lease with option to purchase.   The answer filed by defendant to this allegation, which is undisputed and which the trial court took into consideration, is that the mortgage had been foreclosed and the property sold for $50,672.56 and on the last day ·of the period of redemption, the above lease and option to purchase was delivered.

Considering these facts, the plaintiffs knew or could have known the amount of money necessary to redeem the property.   They had one year from the date of sale to redeem or to enter into an agreement, which they did.   Under such circumstances, the claim of being coerced into signing the agreement is contrary to the undisputed pleadings and does not state a cause of action.

Paragraph 6 of the bill of complaint merely states that in accordance with the agreement, plaintiffs paid a certain amount per month for rental of the property for a period of 18 months.   Paragraph 7 of the bill, in substance, states that on Decem-

ber 30, 1940, defendant took the position that plaintiffs were indebted to it (defendant) in the sum of $90,000 for the premises and that plaintiffs would have to execute an agreement acknowledging that amount in order to protect their rights. It should be noted that at this time the period of redemption of the mortgage had expired and plaintiffs had not exercised their rights under the option. Defendant was the sole owner of the property and had the sole right to set the price and name the conditions upon which it would sell the property.

Paragraph 8 declares that under the option agreement plaintiffs paid defendant the sum of $10,000 and were assured that if they paid the $90,000 as agreed upon they would not be disturbed in their possession of the premises, but being lulled into security they did not pay the above amount. Paragraph 9 specifically states that plaintiffs are not indebted to defendant in any amount, while paragraph 10 alleges that the two options and lease agreements hereinbefore mentioned were intended as extensions of the period of redemption of the mortgage.

We have examined the entire pleadings and conclude that the basis upon which plaintiffs ask relief is that the transactions in connection with the original $65,000 mortgage and the foreclosure sale of the premises were usurious. Facts are not set forth in the pleadings challenging the consideration of the original mortgage and in the absence of any such showing we must assume that the amount named therein was the actual consideration. Nor are there any facts shown that the price bid for the property at the foreclosure sale was not the actual amount due upon the mortgage. To say that a transaction is usurious, without pleading facts upon which such a conclusion would naturally fol-

low, is insufficient to form a basis for an action in chancery.

In *Spelman* v. *Addison,* 300 Mich. 690, 702, we said:

"In determining the sufficiency of a bill of complaint, consideration should be given to the character of the plaintiff's alleged cause of action and to such circumstances as whether the records and knowledge of the facts on which plaintiff relies are in his possession or largely, if not exclusively, in the possession of the defendant."

In the above case, many of the material facts were exclusively within the possession of defendant, while in the case at bar, all of the facts are within the knowledge of plaintiffs or could have been readily ascertained by them prior to the filing of their bill of complaint.

In *Watson* v. *Wagner,* 202 Mich. 397, 402, we said:

"The facts upon which the claim of fraud is based must be alleged, rather than conclusions. But it is sufficient if the substance of the transaction and the result is alleged."

In the case at bar, plaintiffs did not make such specific allegations of facts as would reasonably inform the defendant of the nature of the cause it would be called upon to defend. Such failure is fatal to proceeding further in the cause. There was no error in dismissing such a bill of complaint. The decree dismissing plaintiffs' bill of complaint was entered November 28, 1941; and since such decree was entered there have been other proceedings which are not material to the issue involved in this cause.

The decree is affirmed, with costs to defendant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred. WIEST, J., took no part in this decision.