GREVNIN *v.* COLLATERAL LIQUIDATION, INC.

1. APPEAL AND ERROR—RENT DURING PENDENCY OF APPEAL FROM DE-
CREE FOR POSSESSION—FAIR VALUE.

Fair rental value during nearly six months of pendency of ap-
peal from decree for possession of premises, consisting of 20
acres of land upon some of which are located buildings for
smelting and refining metals and for other purposes, about
half the land being under water, was properly fixed at five
per cent. of amount for which. defendant had offered premises
for sale.

2. SAME—FAIR RENTAL VALUE DURING PENDENCY OF APPEAL—TAXA-
TION—INSURANCE.

In fixing the fair rental value of premises during nearly six
months of pendency of appeal from decree for possession, a
circuit judge is not required to add taxes and insurance to
the value of the premises in fixing a basis upon which to com-
pute a fair rental value thereof during such period where he
fixed rental value at five per cent. of amount for which defend-
ant had offered premises for sale.

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted January 6, 1944. (Docket No. 50, Calendar
No. 42,582.) Decided April 3, 1944. Rehearing
denied May 17, 1944.

Bill by Ruben Grevnin and others against Col-
lateral Liquidation, Inc., a Delaware corporation,
for an accounting and other relief. Bill dismissed.
Plaintiffs appealed and decree affirmed by Supreme
Court. Equitable Trust Company, receiver for
plaintiffs, intervened. On motion to fix the amount
of rental to be collected under a cash bond filed to
stay proceedings. From decree fixing amount of
rental, defendant appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for defendant.

*Milton M. Maddin, George A. Kelly* and *Walter E. Kelly,* for intervener.

WIEST, J. Plaintiffs were decreed to yield up possession of certain premises on January 1, 1942. They appealed from that decree and to stay proceedings pending appeal this court ordered that they make a deposit of $5,000 with the clerk of the circuit court. They lost on their appeal, *Grevnin* v. *Collateral Liquidation, Inc.,* 302 Mich. 274. Then defendant moved to recover on the cash bond the fair rental value of the premises to June 23, 1942. The court heard testimony on the fair rental value and fixed the same at $520.83 per month. The court fixed the value of the premises at $125,000, that being the amount at which the defendant offered the same for sale. Five per cent. on the offered sale price was the fair rental fixed by the court.

Defendant claims the court should have added the taxes and insurance and had this been done the monthly rent on that basis would amount to $940.65.

Appeal is by defendant and the only question presented is that of the fair rental value of the premises. The premises consist of 20 acres of land in the village of Ecorse between Jefferson avenue and the Detroit River harbor line, of which land one-half is under water, and the premises have buildings thereon for smelting and refining of metals and some other buildings, also storage space.

The question here is not a return on the investment but the fair rental value of the premises. As a matter of law the circuit judge was not required to add taxes and insurance to the value of the premises in fixing a basis upon which to compute a fair

rental value thereof during the period here involved.
We find no reversible error. The decree is affirmed, with costs to plaintiffs.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.