# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS GALECKA,

      Plaintiff-Appellant,

v

SAVAGE ARMS, INC., and SAVAGE ARMS
COMPANY,

      Defendants-Appellees.

UNPUBLISHED
June 16, 2016

No. 326960
Clinton Circuit Court
LC No. 12-011022-CZ

Before: SAWYER, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

This case returns to the Court following a previous appeal affirming in part and reversing in part the trial court's grant of summary disposition.[1] Plaintiff appeals as of right following the trial court's order dismissing the case pursuant to MCR 2.116(C)(8) (failure to state a claim). We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

This action stems from plaintiff's claim that defendants Savage Arms, Inc., and Savage Arms Company (collectively, "defendant") violated the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq*.

According to the allegations in plaintiff's complaint, defendant manufactured and sold firearm models 10ML and 10ML-II (collectively, "10ML") between 2001 and 2010. By about 2005, it became apparent that the 10ML had a manufacturing defect, design defect, or both, that occasionally resulted in the barrel of the firearm unexpectedly exploding without cause. Given these safety concerns, plaintiff sent his 10ML firearm ("the firearm") to defendant for a safety inspection. Defendant returned the firearm to plaintiff after

---

[1] *Galecka v Savage Arms, Inc*, unpublished opinion per curiam of the Court of Appeals, issued June 26, 2014 (Docket No. 313350) (*Galecka I*).

performing the safety inspection and informed him that the firearm was safe for use without needing any repairs or modifications. However, plaintiff examined the barrel of the firearm and concluded that defendant had replaced the barrel when the firearm was in its possession. Plaintiff subsequently contacted defendant about the apparent barrel replacement, but defendant denied replacing the barrel. [*Galecka I*, slip op at 1.]

Plaintiff filed a complaint alleging that defendant's secretive barrel replacement violated MCL 445.903(1)(a), (c), (e), (n), (s), (y), (bb), and (cc).

Defendant moved for summary disposition under MCR 2.116(C)(8). The trial court granted the motion, concluding "that plaintiff did not suffer a loss as required by the MCPA" and "that the inspection and servicing of the firearm was not a covered 'transaction' under the MCPA because there was no deception in plaintiff acquiring the firearm." *Id.* Plaintiff appealed, and this Court affirmed in part and reversed in part. *Id.* at 4. The Court held that the trial court erred in its determination that the MCPA required a plaintiff to suffer a loss because the MCPA allows a plaintiff to obtain a declaratory judgment or enjoin unlawful activity without suffering a loss. *Id.* at 2. But the Court also concluded that the trial court did not err when it determined that plaintiff did not suffer a loss under the MCPA and therefore could not recover on a claim seeking damages under the MCPA. *Id.* at 2-3. The Court further concluded that the trial court erred in dismissing all of plaintiff's claims under the MCPA based on its erroneous belief that unlawful conduct under the MCPA required plaintiff to rely on a misrepresentation. *Id*. at 4. The Court explained as follows:

> Without analyzing any of these specific subsections, the trial court concluded that plaintiff could not succeed in his claim under the MCPA because he did not rely on any of defendant's misrepresentations. While we agree that plaintiff did not rely on any misrepresentations in proceeding with the transaction, i.e., sending the firearm to defendant for inspection, we note that reliance is not a necessary element when proving unlawful conduct under the subsections plaintiff cited in his complaint.

> Because the trial court did not specifically address the particular subsections involved with this case, we offer no opinion on whether plaintiff's facts as stated in his complaint describe unlawful conduct under those subsections. Instead, we merely hold that the trial court erred in granting summary disposition on its blanket ruling that all claims under the MCPA require reliance on a misrepresentation. [*Id*. at 3.]

Thereafter, the trial court offered plaintiff the opportunity to amend the complaint. Plaintiff filed a first amended complaint that added additional causes of action for breach of warranty and violation of the Magnuson Moss Warranty Act (MMWA), 15 USC 2301 *et seq*. Defendant filed a motion to dismiss and strike plaintiff's amended complaint, alleging that it improperly added causes of action for violation of the MMWA and breach of warranty, and contained new factual allegations that contradicted his first complaint. Defendant further asserted that the entire complaint should be stricken or dismissed pursuant to MCR 2.116(C)(8). Plaintiff stipulated to dismiss the breach of warranty and MMWA claims.

-2-

Considering the eight alleged violations of the MCPA, the court determined the allegations merely repeated the statutory language, were conclusory, and lacked factual support even when considering the entire complaint read in the light most favorable to plaintiff. The trial court also determined that the amended complaint violated the law of the case doctrine because plaintiff modified the allegations to assert that defendant returned the gun without replacing the barrel, which contradicted his original complaint. The trial court granted the motion to strike and dismiss.

## II. ANALYSIS

### A. NON-CONFORMING BRIEF

Defendant urges us to strike plaintiff's brief because it fails to comply with the Michigan Rules of Court. As defendant points out, plaintiff's statement of facts is cursory with minimal citation to the record, contrary to MCR 7.212(C)(6). Defendant is also correct that plaintiff's brief cites and attaches documents that are not part of the record, and are thus not part of this appeal. See MCR 7.210(A) ("Appeals to the Court of Appeals are heard on the original record."). Further, plaintiff's argument section is less than comprehensive given the detail-oriented nature of this appeal, and plaintiff cited an unpublished case without attaching it to the brief in violation of MCR 7.215(C)(1) ("A party who cites an unpublished opinion must provide a copy of the opinion to the court and to opposing parties with the brief or other paper in which the citation appears.").

Although brief and devoid of record citations, plaintiff's presentation of the background facts is consistent with the factual background set forth in *Galecka I*. Further, the procedural history of the case is easily discernable from the lower court record and the court's thorough opinion and order granting defendant's motion for summary disposition. We will address the merits of plaintiff's allegation of error.[2]

### B. AMENDED COMPLAINT

We review de novo a trial court's decision on a motion for summary disposition. *Oliver v Smith*, 290 Mich App 678, 683; 810 NW2d 57 (2010). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted." *Maple Grove Twp v Misteguay Creek Intercounty Drain Bd*, 298 Mich App 200, 206; 828 NW2d 459 (2012) (citation and internal quotation marks omitted). "All factual allegations supporting the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts." *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498

---

[2] However, our analysis will not include review of exhibits 2, 4, and 5, attached to plaintiff's brief on appeal, as these documents are not in the lower court record. MCR 7.215(C)(1); *Trail Clinic, PC v Bloch*, 114 Mich App 700, 708-709; 319 NW2d 638 (1982).

(1994). The motion should be granted if the plaintiff has not stated a claim upon which relief can be granted and no factual development could possibly justify recovery. *Beaudrie v Henderson*, 465 Mich 124, 129-130; 631 NW2d 308 (2001).[3]

With respect to each subsection of MCL 445.903(1) cited, plaintiff's allegations merely mirror the text of the statute and assert that defendant's conduct violated the statutory language. A mere statement of the pleader's conclusions, unsupported by factual allegations, is insufficient to state a cause of action. *ETT Ambulance Serv Corp*, 204 Mich App at 395.

Plaintiff cites *Spelman v Addison*, 300 Mich 690, 702; 2 NW2d 883 (1942), for the proposition that the Court should consider "whether the records and knowledge of the facts on which the plaintiff relies are in his possession or largely, if not exclusively, in the possession of defendant." Plaintiff asserts that any lack of particularity in the amended complaint is because discovery had not taken place and defendant engaged in deceptive conduct. However, a (C)(8) motion asks a court to consider only the pleadings before it. And as noted, those pleadings were insufficient. Indeed, no attempt was made to identify any facts as the allegations were merely recitations of the statutory language. Some allegations must be made, which are then accepted as true for purposes of evaluating the motion for summary disposition. Plaintiff cannot simply recite relevant statutory language and hope that discovery will uncover the facts necessary to substantiate his claim.

Affirmed.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder

---

[3] Plaintiff asserts that this Court's analysis of a motion based on MCR 2.116(C)(8) in *Michigan ex rel Gurganus v CVS Caremark Corp*, unpublished opinion per curiam of the Court of Appeals, issued January 22, 2013 (Docket No. 299997), supports the conclusion that his factual allegations were sufficient to withstand the (C)(8) motion. But plaintiff failed to mention, or was unaware, that the Michigan Supreme Court reversed this Court's decision and held that the plaintiff's factual allegations in that case were "simply too tenuous and conclusory to state a claim for relief." *Michigan ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 64; 852 NW2d 103 (2014).